1
2
3
4          **UNITED STATES DISTRICT COURT**
5            **DISTRICT OF NEVADA**
6
7   STEVO DESIGN, INC., a Florida corporation,      )
    STEVEN BUDIN,  and ALAN ROLLI,                  )
8                                                   )
                 Plaintiffs,                        )      Case No.  2:11-cv-00304-LRH-GWF
9                                                   )
    vs.                                             )      **ORDER**
10                                                  )
    SBR MARKETING LTD., a foreign corporation,      )      **Plaintiffs' Motion to Deem Service**
11  and BRIAN DANIELE,                              )      **Effectuated - #17**
                                                    )
12                                                  )      **Plaintiffs' Motion for Clarification**
                 Defendants.                        )      **- #18**
13  _____         )

14          This matter comes before the Court on Plaintiff's Motion to Deem Service Effectuated, or

15  in the Alternative, to Enlarge Time for Service on SBR Marketing Ltd. (#17), filed June 24, 2011.

16  Also before the Court is Plaintiff's Motion for Clarification Regarding Stevo's Service Obligation

17  to SBR Marketing, Ltd. (#18), filed June 29, 2011, incorporating Plaintiffs' Motion to Deem

18  Service Effectuated (#17).

19                              **BACKGROUND**

20          On February 24, 2011, Plaintiffs filed their Complaint (#1) against Defendant SBR

21  Marketing (hereinafter "SBR") who maintains a principle place of business in Curacao and Costa

22  Rica.  On March 4, 2011, Plaintiffs were contacted via e-mail by Mr. Feustel regarding potential

23  settlement negotiations in this case.  Mr. Feustel's e-mail was signed "Elihu Feustel, on behalf of

24  SBR Marketing, LTD." *Plaintiffs' Motion (#17)*, Exhibit 1.  Plaintiffs contacted attorney Lawrence

25  Walters, Esq., who had previously represented SBR in related litigation in Florida.  Mr. Walters

26  informed Plaintiffs that "the client desires that you speak with Mr. Feustel at this point." *Plaintiffs'*

27  *Motion (#17)*, Exhibit 5.

28  . . .

After receiving this representation, Plaintiffs continued to communicate with Mr. Feustel regarding this case.  On March 10, 2011, Mr. Feustel stated in an e-mail to Plaintiffs, "Please be advised that SBR Marketing, LTD. will waive service of process in the above captioned [sic] lawsuit brought by Stevo Design." *Plaintiffs' Motion (#17)*, Exhibit 6.  This e-mail correspondence was signed "Elihu Feustel, on behalf of SBR Marketing, LTD." *Id.*  On March 16, 2011, Plaintiffs mailed a copy the summons, complaint and a waiver of service of process to Mr. Feustel in South Bend, Indiana.  Due to a clerical error, the waiver of process form sent to Mr. Feustel incorrectly stated that SBR's responsive pleadings would be due in 30 days, instead of 90 days.  On March 18, 2011, Mr. Feustel e-mailed Plaintiffs requesting an acceptance of service agreement reflecting that SBR would have 90 days to file an answer.  *Plaintiffs' Motion (#17)*, Exhibit 8.

That same day, Plaintiffs' responded informing Mr. Feustel that a waiver of service was mailed on March 16, 2011.  This e-mail also instructed Mr. Feustel to cross out the "30" days and substitute it for "90" days.  *Plaintiffs' Motion (#17)*, Exhibit 9.  Mr. Fuestel responded "Thank you.  Would you consider emailing me an electronic copy as well..." *Id.*  Plaintiffs never sent Mr. Feustel an electronic copy of the waiver of service nor did SBR ever return the waiver of service form.  On April 16, 2011, Plaintiffs filed a First Amended Complaint (#7) adding claims against Defendant Brian Daniele.  Plaintiffs mailed a copy of this Amended Complaint to SBR on April 7, 2011, even though SBR had not yet appeared in this matter.

On May 4, 2011, Plaintiffs received a letter from Gary Jay Kaufman, Esq., informing Plaintiffs that he had been retained by SBR to represent them in this matter.  *Plaintiff's Motion (#17)*, Exhibit 10.  After several communication between the parties, SBR disputes whether they were ever properly served by either formal service of process or waiver of service of process.  Plaintiffs now bring this motion requesting the court deem service effectuated or alternatively, enlarging their time to effectuate service on Defendant SBR.

### DISCUSSION

Rule 4(d) of the Federal Rule of Civil Procedure allows for the plaintiff to seek a waiver of service from certain defendants including those individuals who would need to be served abroad.  Fed. R. Civ. P. 4.  Although defendants are not required to waive of service of process, Rule

1   4(d)(1) states that defendants have a "duty to avoid unnecessary expenses of serving the summons."

2   After the waiver has been filed with the court, proof of service is no longer necessary and the rules

3   apply as if the party had been served. Fed. R. Civ. P. 4(d).

4       "Service of process has its own due process component, and must be 'notice reasonably

5   calculated ... to apprise interested parties of the pendency of the action and afford them an

6   opportunity to present their objections.'" *S.E.C. v. Ross*,  504 F.3d 1130, 1138 ( 9th Cir. 2007)

7   (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Rule 4 is a

8   "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the

9   complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th

10   Cir.1988)

11       The purpose of Rule 4 has been accomplished in this case.  Based on Mr. Feustel's

12   communications with the Plaintiffs, it appears that SBR had notice of the Complaint as early as

13   March 4, 2011, in light of the e-mail correspondence regarding potential settlement negotiations.

14   *See Plaintiffs' Motion (#17)*, Exhibit 1.  Further, Plaintiffs mailed a copy of the complaint,

15   summons and waiver of service on March 16, 2011, and a copy of the First Amended Complaint on

16   April 7, 2011.

17       Plaintiffs have substantially complied with the requirements of Rule 4 after being informed

18   by Mr. Feustel, acting on behalf of SBR, that they would waive service of process.  Plaintiffs

19   diligently sent SBR a waiver of service process for SBR to sign with the instructions to fix the

20   clerical error.  Defendant SBR Marketing has been apprised of the pendency of this action and has

21   been afforded an opportunity to present their objections.

22       Further, no opposition has been filed to this motion.  Pursuant to Local Rule 7-2(d), failure

23   of an opposing party to respond to a filed motion"constitute[s] a consent to the granting of the

24   motion."  Accordingly,

25       **IT IS SO ORDERED** that Plaintiff's Motion to Deem Service Effectuated (#17) is

26   **granted**.  Defendant SBR Marketing will have twenty (20) days from the date of this order to file

27   any responsive pleadings.

28   . . .

3

1    **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Clarification Regarding Stevo's

2    Service Obligations to SBR Marketing Ltd. (#18) is **granted**.

3    **IT IS FURTHER ORDERED** that Plaintiffs' counsel provide a copy of this Order to

4    counsel for SBR Marketing Ltd. and proof of service to the court.

5    DATED this 9th day of August, 2011.

6

7    _____

8    GEORGE FOLEY, JR.
     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4