Gary Jay Kaufman, Esq. (*Pro Hac Vice Pending*)
gary@kaufmanlawgroupla.com
Colin Hardacre, Esq.     (*Pro Hac Vice Pending*)
colin@kaufmanlawgroupla.com
THE KAUFMAN LAW GROUP
1901 Avenue of the Stars, Suite 1010
Los Angeles, California 90067
Telephone:  (310) 286-2202
Facsimile:   (310) 712-0023

Chad Bowers (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

Attorneys for Defendant,
SBR Marketing, Ltd.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVO DESIGN, INC., a Florida corporation; STEVEN BUDIN, an individual; and ALAN ROLLI, an individual,<br><br>Plaintiffs,<br>v.<br><br>SBR MARKETING LTD., a foreign corporation; and BRIAN DANIELE, an individual,<br><br>Defendants. | Case No. 2:11-cv-00304<br><br>**SBR MARKETING, LTD'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** |

## SBR MARKETING, LTD.'S MOTION TO DISMISS

Defendant, SBR Marketing, Ltd., by and through its counsel, Gary Jay Kaufman and Chad Bowers, hereby moves to dismiss the First Amended Complaint ("FAC"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for the reasons set forth below.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff, Stevo Design, Inc. ("Stevo") is criss-crossing the country in a desperate attempt to hold Defendant SBR Marketing, Ltd. ("SBR") liable for any and all claims that its attorneys can manufacture. After having failed to allege any intellectual property claims in an ill-conceived Florida State Court action, and then high-tailing it out of Florida on the eve of SBR's dispositive motion (*See* Florida Circuit Court Complaint and Dismissal, attached as Exhibits A and B respectively to SBR's concurrently filed Request for Judicial Notice), Stevo switched lawyers and filed this baseless copyright and trademark suit in Nevada, where the only connection between the parties and the forum is Stevo's new attorneys' offices. However, the results here should be no different than they would have been in Florida. This Court should dismiss Stevo's complaint.

The FAC fails for several reasons. First, Stevo lacks standing to bring its Ninth through Fifty-First causes of action because those causes of action allege infringement of copyrighted works that – based upon the allegations contained in the FAC itself – were not owned by Stevo at the time of the alleged infringement.[1] Second, all of Stevo's copyright and trademark claims fail because Stevo has failed to allege facts sufficient to show that SBR, a foreign corporation that maintains its principle place of business in Costa Rica, is subject to liability under U.S. Copyright and Trademark law for user generated content allegedly published at its principal place of business in Costa Rica. Third, even if this Court were to find that SBR is subject to U.S. Copyright and Trademark law, Stevo's trademark claims still fail because each alleged use by SBR of Stevo's purported service marks was either nothing more than a protected nominative fair use, or exempted from Trademark protection by the First Sale Doctrine. Finally, all of Stevo's purported state law claims against SBR fail because SBR, as a

---

[1] Forty-seven counts contained in the FAC allege direct, contributory or vicarious copyright infringement.

1 provider of an interactive computer service, is immune from liability under Section 230 of the
2 Communications Decency Act for state law claims that attempt to hold SBR liable for information
3 provided by another information content provider.

4     Based upon the foregoing, SBR respectfully requests that this Court dismiss the FAC pursuant
5 to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6).

6 **II.    PARTIES TO THE LITIGATION**

7     SBR Marketing is a foreign corporation that maintains its principle place of business in Costa
8 Rica, from which it operates a website, www.sbrforum.com ("SBR Forum").  (FAC, ¶¶ 5, 33).  SBR
9 Forum is a leading sports odds community and information website that is frequently quoted and
10 referenced across all types of online destinations and print publications.  Representative publications
11 include the Seattle Times, Miami Herald and Time Magazine Online.

12     One aspect of SBR Forum is the operation of a Bulletin Board System, or "BBS," that permits
13 users to read news and bulletins, and exchange messages with other users, either through electronic
14 mail or on public message boards.  It is SBR's operation of this BBS that gives rise to each of Stevo's
15 purported claims against SBR.

16     Stevo is a Florida corporation with its principal place of business located in Florida.  (FAC, ¶
17 2).  According to the FAC, Stevo is in the business of selling sports betting reports.  (FAC, ¶ 21).  All
18 of Stevo's claims against SBR arise from allegations that Stevo customers posted information obtained
19 from Stevo on SBR Forum's BBS.  The individual Plaintiffs, Steve Budin and Alan Rolli, have stated
20 no claims against SBR.[2]

21 **III.    CASE POSTURE**

22     On May 21, 2010, counsel for Stevo sent a letter to SBR concerning "Unauthorized Publication
23 of Information . . ."  (Letter dated May 21, 2010, Exhibit 9 to Stevo's Florida Circuit Court Complaint
24 (the "Florida Complaint"), attached as Exhibit A to SBR's concurrently filed Request for Judicial
25 Notice).  The letter was sent by attorney Samuel A. Lewis of Feldman Gale.  (Ex. 9 to Ex. A).  The
26 letter was sent from Feldman Gale's Miami office to SBR Marketing at a registered corporate address,

27
28 ---
[2] Claims stated by Plaintiffs Budin and Rolli are directed solely at Defendant Brian Daniele.

1  and to its Webmaster at webmaster@sportsbookreivew.com.  (Ex. 9 to Ex. A).  In this letter, attorney
2  Lewis asserted that SBR Marketing was liable for the acts of Stevo customers that were violating
3  copyright law and contractual duties by posting Stevo betting information on SBR Forum.  (Ex. 9 to
4  Ex. A).

5  On June 30, 2010, Stevo filed suit in Miami - Dade County, Florida, against SBR and various
6  users of SBR Forum ("Users").  (Ex A, Miami-Dade County Clerk – Docket Information for Case No.
7  2010-31442-CA-01, Stevo Design v. SBR Marketing, Ltd., attached as Exhibit B to Request for
8  Judicial Notice).  It is important to note that Stevo filed suit in state court, thereby precluding any
9  copyright claims over which Federal courts have exclusive jurisdiction.  The Florida Complaint alleged
10 that Stevo's betting reports constituted trade secrets and that purchasers of those reports were
11 contractually bound to maintain confidentiality.  (Ex. A).  The suit alleged a breach of contract and
12 trade secret misappropriation against Users.  (Ex. A).  The sole claim against SBR was a single count
13 for tortious interference with Stevo's contractual relations with its customers.  (Ex. A).

14 SBR defended the action and filed a Motion to Dismiss.  (Ex. B).  In response, Stevo hired
15 attorney Steve Gibson, who is based in Las Vegas, and has a reputation in the copyright community.
16 Attorney Gibson substituted in as Stevo's counsel and on February 9, 2011 – in the shadow of a
17 hearing on SBR's Motion to Dismiss – Stevo filed a Voluntary Dismissal of SBR.  (*See* Ex. B and
18 Notice of Dismissal, attached as Exhibit C to Request for Judicial Notice).  Stevo then packed its legal
19 bag and filed the current action on February 24, 2011, here in the District of Nevada, where the only
20 connection to the forum is the location of Gibson's office.[3]

21 Stevo's original District of Nevada Complaint was not served on SBR and, on April 6, 2011,
22 Plaintiffs filed their 139 page, 1084 paragraph FAC, alleging sixty-five (65) causes of action.  The

---

[3] It is interesting to note that Righthaven, LLC – an entity for which Stevo's attorney, Steve Gibson, is the C.E.O. – filed suit in Nevada District Court earlier this year based on alleged infringements of Stevo copyrights.  See *Righthaven, LLC v. Allec*, District of Nevada Case No. 11-cv-00532.  The fact that Stevo was the true copyright holder was not disclosed in Righthaven's original complaint.  However, as a result of a ruling in *Righthaven v. Democratic Underground,* District of Nevada Case No. 10-cv-01356, Righthaven filed an Amended Certificate of Interested Parties and an Amended Complaint in *Righthaven, LLC v. Allec*, disclosing the true nature and ownership of the copyrights at issue.

1  FAC added two additional Plaintiffs, Steve Budin and Alan Rolli, and one additional Defendant, Brian

2  Daniele.  (*See* FAC, ¶¶ 3, 4, 6).  Whereas the focus of Stevo's Florida action was the Users, the focus

3  of Stevo's claims in the instant action is SBR's alleged liability for user generated content posted on

4  SBR Forum.  Stevo's purported fifty-six (56) causes of action against SBR comprise of multiple counts

5  of service mark infringement (15 U.S.C. § 1114); contributory service mark infringement; false

6  designation of origin (15 U.S.C. § 1125(a)); contributory false designation of origin; service mark

7  dilution (15 U.S.C. § 1125(c)) by blurring and by tarnishment; contributory service mark dilution;

8  copyright infringement (17 U.S.C. § 501); vicarious copyright infringement; contributory copyright

9  infringement, and several causes of action arising under Florida statutes and common law

10 (misappropriation of trade secrets;  contributory misappropriation of licensable commercial property;

11 civil theft; and tortious interference with contractual relations).

**IV.     ARGUMENT**

      **A.     Motion To Dismiss Standard**

SBR seeks dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)6).  Rule 12(b)(1) allows defendants to seek dismissal of a claim or action for lack of subject matter jurisdiction.  Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction.  *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).  Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction.  As a result, the plaintiff bears the burden of proving that the case is properly in federal court.  *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A motion made under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a plaintiff's complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A Rule 12(b)(6) motion should be granted where a plaintiff's claims fail to state a claim upon which relief can be granted either because there is a "lack of a cognizable legal theory" or because of "the absence of sufficient facts under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Conclusory allegations or legal conclusions do not constitute factual conclusions sufficient to prevent a motion to dismiss. *See Anderson v. Clow*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1139 (9th Cir. 1996). While facts must be accepted as alleged, a court is not required to accept as true conclusory allegations or legal characterizations, nor must the court accept unreasonable inferences. *Bell v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**B.     Stevo Lacks Standing To Pursue Its Copyright Infringement Claims Against SBR.**

Setting aside, for the moment, the issue of whether U.S. intellectual property laws apply to SBR for acts committed in a foreign country, Stevo lacks standing to sue *anyone* for the betting reports, images and videos allegedly infringed by SBR. Stevo cannot sue a foreign corporation, such as SBR, or even its neighbor in Florida for infringement of a copyright it did not own at the time of the alleged infringement.

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of an action for lack of subject matter jurisdiction. Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Federal District courts also have original jurisdiction over claims "arising under" federal laws relating to patents, copyrights, trademarks and . . . related claims of unfair completion." 28 U.S.C. §1338 (a), (b); *See Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 336 F.3d 982, 986 (9th Cir. 2003).

"The legal or beneficial owner of an exclusive right under a copyright is entitled… to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). "A plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1077 (9th Cir. 2004), *see Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "[O]nly the owner of an exclusive right under the copyright act is entitled to sue for infringement." *Silvers v. Sony Pictures Entm't Inc.*, 402 F.3d 881, 889 (9th Cir. 2005).

/ / /

/ / /

Stevo filed applications for the registration of copyrights on materials allegedly infringed by SBR shortly before the filing of the instant action. (FAC, ¶¶ 323, 341, 359, 377, 395, 413, 431, 449, 467, 485, 503, 521, 539, 557, 575, 593, 611, 629, 651, 673, 695, 923, 941, 959). To the extent Stevo's copyright applications are approved, Stevo would be entitled to a presumption of validity. However, that presumption (even if applicable) does not operate to save Stevo's claims in this instance. The presumption of validity does nothing to address the ownership of the copyright *at the time of the alleged infringement*.

As alleged in the FAC, a purchaser of a betting report is presented with a "Buyers Agreement." According to the Buyers Agreement attached and incorporated into the FAC, the individual websites owned the copyright – *not* Stevo:

> Ownership of Intellectual Property. You acknowledge and agree that *this website* is and shall remain the owner of all rights, title and interest in and to this website (and all affiliated websites) and its content, including without limitation all designs, copyrightable material . . . (Buyer Agreement, ¶ 4, attached to the FAC as Ex. 1 (Emphasis added)).

Nowhere in the Buyer Agreement is Stevo identified as the copyright holder. To the contrary, the website at which the purchase of the subject betting report is made is identified as the owner. For example, Stevo's Florida Complaint contained an example of the actual agreement presented to purchasers of betting reports on www.whowillcover.com, which provides, in relevant part:

> You are purchasing pay-per-view sports analysis which is not subject to any return policy. All sales are final. In order to complete your order with ***www.whowillcover.com, Inc***. ("www.whowillcover.com"), you must click in the space provided below that you accept and agree to these terms and conditions.
>
> * * *
>
> 4. *Ownership of Intellectual Property.* You acknowledge and agree that www.whowillcover.com is and shall remain the owner of all rights, title and interest in and to the www.whowillcover.com website (and all affiliated websites) and its content . . . . ((emphasis added) and included within Exhibit 9 to Exhibit A, Florida Circuit Court Complaint).

According to the FAC, each of the alleged infringements occurred prior to Stevo's submission of an application for registration. Accepting Stevo's allegations as true, the copyright belonged to the website – in the above example, www.whowillcover.com, Inc. – at which Stevo's customers purchased the betting reports allegedly infringed by SBR. Accordingly, Plaintiffs have failed to carry

their burden establishing that they have standing to pursue *any* copyright claim asserted in this action. Each of Stevo's copyright related claims must, therefore, be dismissed for lack of standing.

> C. **Stevo Has Failed To Carry Its Jurisdictional Burden To Establish That U.S. Copyright And Trademark Laws Apply To SBR, A Foreign Corporation With Its Principal Place Of Business Located In Costa Rica.**

Stevo bears the burden of establishing that SBR is subject to personal jurisdiction in Nevada. *See Freeman v. Second Judicial Dist. Ct.*, 1 P.3d 963, 965 (Nev. 2000). In this instance, the FAC correctly alleges that SBR Marketing is a foreign corporation with its principal place of business located in Costa Rica. (FAC, ¶ 5). Stevo attempts to establish personal jurisdiction over SBR based upon allegations that SBR Forum is accessible to U.S. residents that generate revenue for SBR. (*See* FAC, ¶¶ 11 – 15). Unfortunately for Stevo, such allegations are legally insufficient to confer jurisdiction. The key and determinative inquiry is the location at which the alleged infringement was committed.[4] "[T]he general and almost universal rule is that the character of an act as lawful or unlawful must be determined wholly by the law of the country where the act is done." *American Banana Co. v. United Fruit Co.*, 213 U.S. 347, 356 (1909), overruled on other grounds, *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 704-05 (1962)). Accordingly, the Copyright Act does not apply to infringements occurring outside the U.S. *Subafilms, Ltd. v. MGM-Pathe Communications Co.*, 24 F.3d 1088, 1096-98 (9th Cir. 1994); *The Robert Stigwood Group Ltd. v. O'Reilly,* 530 F.2d 1096, 1101 (2d Cir. 1976) ("Copyright laws do not have extraterritorial operation."). It appears this was known to Stevo's original counsel at Feldman Gale. The May 21, 2010 letter to SBR specifically mentioned and threatened claims of copyright infringement. (Ex. 9 to Ex. A). Assuming Stevo had competent counsel, as it surely did, there are only three logical reasons why no copyright claims were originally filed against SBR in the Florida action – none of which is helpful to Stevo's cause. First, Stevo's betting reports do not constitute copyrightable material. This

---

[4] The computer servers on which SBR operates SBR Forum are located in Costa Rica. To the extent SBR is considered the publisher of any content – thereby giving rise to the alleged copyright and trademark infringements claimed by Plaintiffs – such publication occurred, originated and arose at its principle place of business in Costa Rica. This fact, however, is not necessary for determination on Defendant's Motion to dismiss because Plaintiffs have failed in their duty to allege facts sufficient to establish jurisdiction over SBR.

1  would certainly explain why no copyright claims were made against either SBR or the Users.  Second,
2  Stevo was not the true owner of the copyrights at the time of the alleged infringement.  The third
3  explanation is that U.S. copyright laws do not apply to SBR which is a foreign corporation, acting
4  outside the U.S.  Absent one of these three possibilities, there is no logical reason for Stevo's failure to
5  include copyright claims that were previously threatened.  The fear of practicing in Federal court was
6  certainly not a factor for Feldman Gale, nor Stevo, which filed two intellectual property cases in the
7  U.S. District Court for the Southern District of Florida about the same time as it filed suit against SBR
8  in Florida Circuit Court.  *See Stevo v Brandon Link,* Southern District of Florida Case No. 10-cv-
9  24283, filed 12/1/10; *Stevo v Eddie Roman Consulting*, Southern District of Florida Case No. 11-cv-
10 20374 , filed 2/2/11.  What occurred in this instance is that Stevo, faced with dismissal of its claims in
11 Florida Circuit Court, retained Attorney Gibson to submit a voluntary dismissal of the Florida action,
12 manufactured baseless copyright claims, and filed suit here in the District of Nevada where the only
13 connection with this forum is the location of Attorney Gibson's office.
14         Similarly, the application of the Lanham Act to infringements occurring outside this country is
15 limited to situations, not present here, where there is a substantial connection to the United States.  *See*,
16 for example, *Ocean Garden, Inc. v. Markettrade Co*., 953 F.2d 500 (9th Cir. 1991), in which the Court
17 held that the Lanham Act was applicable where the defendant was a domestic, California corporation,
18 despite the fact that the infringing products were produced and distributed outside the U.S.  The same
19 cannot be said of SBR Marketing in this instance.  The FAC contains no allegations that would allow
20 this Court to obtain jurisdiction over SBR for the application of claims arising under the Lanham Act.
21 Allegations concerning SBR Marketing's operations are contained in paragraph 5 of the FAC, which
22 acknowledge that SBR is a foreign corporation with its principal place of business in Costa Rica.
23 Accordingly, all copyright and trademark claims must be dismissed, pursuant to Rule 12(b)(1), for
24 Stevo's failure to carry its jurisdictional burden.
25 / / /
26 / / /
27 / / /
28 / / /

### D. Even Assuming The Applicability Of U.S. Intellectual Property Law, Stevo's Copyright And Trademark Claims Must Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.

The FAC contains several theories of trademark infringement. The FAC alleges false designation, direct infringement, contributory infringement, as well as trademark dilution by blurring and tarnishment. (FAC, First through Eighth Causes of Action). Each of these claims is fatally defective because Plaintiffs do not allege one instance where a reference to any of its service marks was anything but descriptive of Stevo's product and services.

SBR does not compete with Stevo in the creation or sale of betting reports. As alleged in the FAC, SBR generates its revenue by advertising and referrals. (FAC, ¶ 44). Each alleged instance of trademark infringement arises from user generated content that contains a reference to one or more of Stevo's registered service marks – all of which are names of individual handicappers. *See, e.g.*, STEVE BUDIN, BRANDON LANG and DEREK MANCINI. (FAC, ¶¶ 22-23). As such, any and all references to individuals whose names have been registered as service marks, is merely nominative.

#### 1. Nominative fair use precludes Stevo's trademark claims.

Given the prevalence and high visibility of trademarks in our society, it is often essential to use someone else's trademark to refer legitimately to that person's goods. This practice is called nominative fair use — nominative because the mark is being used to name the producer or supplier of the product/service.

The prevailing approach to nominative use was formulated in the Ninth Circuit in *New Kids on the Block v. News America Pub., Inc*., 971 F.2d 302 (9th Cir. 1992):

> First, the product or service in question must be one not readily identifiable without use of the trademark; second, only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and third, the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder. *Id.* at 308 (footnote omitted).

The first two elements of nominative fair use are clearly met. In the instant case, the only way for SBR, its users, or anyone else to describe Stevo's products is by referring to the handicappers by name – which also happens to be their registered service marks. When a person's name is also his registered trademark or service mark there is simply no other way to identify that person's goods and

services without using his name.  Perhaps the best example of this is the caption in the instant case. Steve Budin is identified as a plaintiff in this action.  According to the FAC, STEVE BUDIN is also a registered service mark and the FAC alternatively refers to "Steve Budin" as an individual, and in connection with the publication of betting reports.  (FAC, ¶¶ 3, 22(e), 122, 181).  Such references are, by definition, nominative fair use.  Nominative use does not dilute the mark, but actually strengthens Stevo's marks by accurately associating the marks with the authentic services with which they are associated.  "Much useful social and commercial discourse would be all but impossible if speakers were under threat of an infringement lawsuit every time they made reference to a person, company or product by using its trademark."  *New Kids on the Block*, 971 F.2d at 306-307.

The third prong of the test is also easily met wherein all references to Stevo's registered service marks were made by SBR Forum Users.  Nowhere in the FAC is it alleged that SBR, itself, generated and published content that contained any of Stevo's service marks that could remotely be interpreted as sponsorship of SBR's website.  Furthermore, user generated content on SBR Forum is often critical of Stevo's service marks.  (FAC, ¶¶ 189 - 193).  These allegations, and the associated negative commentary, provide an additional basis to defeat any suggestion or finding of sponsorship or endorsement of SBR by Stevo.

Stevo seeks to skirt the lack of a legal basis for false designation, direct infringement and contributory infringement by alleging that user content on SBR Forum results in the dilution of Stevo's service marks.  These theories, however, are also barred by the nominative fair use of Stevo's service marks. Section 1125(c)(3) of the Lanham Act expressly precludes these causes of action:

> The following *shall not be actionable as dilution by blurring or dilution by tarnishment* under this subsection:
>
> (A) Any fair use, including a nominative or descriptive fair use, or facilitation of such fair use, of a famous mark by another person other than as a designation of source for the person's own goods or services, including use in connection with--
>
> (i) advertising or promotion that permits consumers to compare goods or services; or
>
> (ii) *identifying and parodying, criticizing, or commenting upon the famous mark owner or the goods or services of the famous mark owner.* (Emphasis added.)

/ / /

The inapplicability of Stevo's dilution theories is demonstrated by the Ninth Circuit decision in *Playboy Enterprises, Inc. v. Welles*, 279 F.3d 796 (9th Cir. 2002).   In *Playboy Enterprises,* Playboy asserted that the defendant's uses of its marks (PLAYBOY, PLAYMATE, and PLAYMATE OF THE YEAR 1981) to describe a former Playboy model, constituted trademark dilution.  In finding that the defendant had engaged in nominative fair use, the court explained that there could be no dilution because nominative fair use "***by definition***, do[es] not dilute trademarks." *Id*. at 805 (emphasis added).  The court went on to write:

> Uses that do not create an improper association between a mark and a new product but merely identify the trademark holder's products should be excepted from the reach of the anti-dilution statute. Such uses cause no harm . . . [W]e conclude that nominative uses are also excepted [from anti-dilution law]. A nominative use, by definition, refers to the trademark holder's product. It does not create an improper association in consumers' minds between a new product and the trademark holder's mark . . . **So long as a use is nominative . . . trademark law is unavailing.**  (Id. at 806 (emphasis supplied)).

Therefore, under the nominative fair use doctrine and pertinent case law, Stevo has no cognizable claim for trademark infringement or dilution.

### 2. Stevo's Trademark and Unfair Competition Claims must be dismissed under the First Sale Doctrine.

"[T]he right of a producer to control distribution of its trademarked product does not extend beyond the first sale of the product.  Resale by the first purchaser of the original article under the producer's trademark is neither trademark infringement nor unfair competition." *Sebastian Int'l, Inc. v. Longs Drug Stores Corp*., 53 F.3d 1073, 1074 (9th Cir.). In addition, "[t]he exhaustion or first-sale rule is not an affirmative defense**.**  Rather, **it defines an area of commerce beyond the reach of trademark law**." *Taylor Made Golf Company, Inc. v. MJT Consulting Group LLC*, 265 F.Supp.2d 732 (N.D. Tex. 2003), citing *Polymer Tech. Corp. v. Mimran*, 975 F.2d 58, 61 (2d Cir. 1992) (emphasis supplied).

In this instance, customers that purchased betting reports agreed to the terms of the Buyers Agreement, which specifically indicated they were purchasing a sports analysis. *See* Ex. 1 to the FAC, ¶ 1 ("You are purchasing pay-per-view sports analysis . . . ").  Stevo's trademark infringement claims are, therefore, not grounded in any recognized legal theory of trademark law.  Once a trademark

1  owner, such as Stevo, sells goods protected by trademark, a buyer may resell goods purchased by
2  reference to the trademark. This is true regardless of whether subsequent resales are authorized by the
3  trademark holder or limited by contract. *See Adobe Systems Inc. v. One Stop Micro Inc.*, 84 F. Supp.2d
4  1086 (N.D. Cal. 2000). Accordingly, each of Stevo's trademark claims must be dismissed for failure
5  to state a cognizable claim for trademark infringement.

        **E.**        **Counts Of Copyright Infringement Relating To The Acts Of Defendant Daniele Do Not Include Allegations Regarding Infringement By SBR Marketing.**

The primary change made in the filing of the FAC was the addition of Defendant Brian Daniele. The FAC sets forth voluminous allegations concerning what Plaintiffs characterize as an attack on Plaintiffs Stevo, Budin and Rolli. (FAC, ¶¶ 181 – 236). These allegations center around claims that Daniele posted defamatory statements on SBR and RXForum websites that were intended to damage Stevo's business and the professional reputations of Budin and Rolli. Many of the new allegations relate to a campaign by Daniele to prevent the Travel Channel from carrying a television series, "Brandon Lang Bets The World."

The FAC also contains allegations of copyright infringement associated with Daniele's activities. This alleged infringement comprises of: 1) a photograph of Derek Mancini; 2) biographical information regarding Mancini; 3) a "header" image used in connection with the publication of Mancini reports; 4) two videos of Lang, and 5) two videos of Budin. Plaintiffs claim copyrights in these items, but *all* of their factual, non-conclusory allegations regarding the alleged infringement involve posting and publication of the subject copyrighted material on the RXForum. (FAC, ¶¶ 231-236). The FAC is completely devoid of a single specific allegation that Daniele posted any of the specified material on SBR's website.[5] Without such allegations, Plaintiffs have failed to meet their burden of pleading a claim for copyright infringement concerning these materials. *See* Order dated October 28, 2010, *Righthaven LLC v. Dr. Shezad Malik Law Firm P.C.*, Case No. 10-cv-00484 (D. Nev.) (A valid cause of action for copyright infringement was stated where allegations included "what

---

[5] SBR acknowledges there are specific allegations of Daniele posting allegedly defamatory statements on SBR, but those allegations do not contain claims involving the copyrights allegedly violated by Daniele. (FAC, ¶¶ 189-193).

acts and during what time the defendant infringed the copyright." citing *Home & Nature Inc. v. Sherman Specialty Company, Inc*., 344 F. Supp. 2d 260, 265 (E.D.N.Y. 2004)). Accordingly, Counts 26, 27, 28, 29, 47, 48 49 and 50 must be dismissed for failure to properly state a cause of action for copyright infringement as to SBR.

### F. Plaintiffs Fail To State Cognizable Claims For Violations Of Florida Common Law And Statutes.

#### 1. The Communications Decency Act preempts Stevo's claims for violations of Florida common law and statutes.

Stevo's fifty-sixth through sixtieth causes of action purport to set forth Florida state law claims for Misappropriation of Trade Secrets, Misappropriate of Licensable Commercial Property, Contributory Misappropriate of Licensable Commercial Property, Civil Theft and Tortious Interference with Contractual Relations. All of these causes of action are barred by the Communications Decency Act, 47 U.S.C. § 230 ("CDA").[6] "Section 230 of the CDA immunizes providers of interactive computer services against liability arising from content created by third parties: 'No provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.'" *Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (quoting 47 U.S.C. § 230(c); footnotes omitted). In enacting § 230, "Congress wanted to encourage the unfettered and unregulated development of free speech on the Internet, and to promote the development of e-commerce." *Batzel v. Smith*, 333 F.3d 1018, 1027 (9th Cir. 2003).

The statute defines an "interactive computer service" to be "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2). As a result of the congressional intent in enacting the CDA, courts have treated §

---

[6] The CDA specifically exempts, from its purview, intellectual property claims. 47 U.S.C. § 230(e)(2) ("Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property."). The 56th through 60th causes of action comprise the entirety of non-copyright and trademark claims stated against SBR.

1  230(c) immunity as quite robust, adopting a relatively expansive definition of "interactive
2  computer service." *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003).
3        In this instance, Stevo is attempting to impose liability upon SBR for content and posting
4  specifically alleged to have been posted on SBR Forum by third parties to this suit.  This is
5  precisely the type of claim the CDA was designed to protect against.  The failure to apply CDA
6  immunity in this case would be a blow to the critical policy of protecting "freedom of speech in
7  the in new and burgeoning Internet medium." *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th
8  Cir. 1997); *See also Batzel*, 333 F.3d at 1027.  Accordingly, Defendant is immune from liability
9  under the CDA and this Court should dismiss Stevo's 56th through 60th causes of action.

      **2.**      **There is no basis for the application of Florida common law or statutes.**

11        Even if this Court were to find that Stevo's state law claims are not barred by the CDA, the
12  claims still fail because there is no basis to apply Florida state law in a Nevada District Court.  Federal
13  Courts generally apply the law of the state in which they are sitting.  There is no contract or choice of
14  forum provision that would change this generally applicable rule.  Plaintiffs certainly cannot rely on
15  the Buyer Agreement.  SBR is not a party to the Buyer Agreement and that agreement specifically
16  provides, "The sole and exclusive venue for any action relating to this Agreement or the parties hereto
17  shall be in the state or federal courts in Miami, Miami-Dade County, Florida."  (Ex. 1 to FAC, ¶ 14).
18  Therefore, this Court should dismiss Stevo's 56th through 60th causes of action.

**V.**      **CONCLUSION**

20        Despite switching attorneys, legal theories and concocting a 139 page, 1084 paragraph
21  complaint, Stevo has still failed to state a claim for relief against SBR.  Furthermore, Stevo has failed
22  to allege facts sufficient to support either its standing to sue for the alleged copyright infringements, or
23  that SBR is subject to U.S. Copyright and Trademark law.  Finally, all of Stevo's state law claims
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1  against SBR are barred by the CDA.  Therefore, SBR respectfully requests that this Court dismiss the
2  FAC, pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6).

Respectfully submitted,

DATED:  August 24, 2011        THE KAUFMAN LAW GROUP

By:_____
 Gary Jay Kaufman
Attorneys for Defendant
SBR Marketing, LTD.

Attorney has complied with LR IA 10-2

**CERTICATE OF SERVICE**

Pursuant to Local Rule 5-1 of this Court, I hereby certify that on August 24, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Brian Daniele
7002 Braddock Mews Place
Springfield, Virginia 22151

                                                 s/Chad Bowers