UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVO DESIGN, INC., a Florida corporation; STEVEN BUDIN, an individual; and ALAN ROLLI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SBR MARKETING LTD., a foreign corporation; and BRIAN DANIELE, an individual,<br><br>Defendants. | 2:11-CV-00304-LRH-CWH<br><br>ORDER |

Before the court is Defendants' motion for entry of Clerk's default as to Defendant Brian Daniele (#36[1]).

Stevo Design, Inc. filed this trademark infringement action against SBR Marketing Ltd. on February 24, 2011. On April 6, 2011, an amended complaint (#7) was filed adding two plaintiffs and one new defendant, Brian Daniele. On May 2, 2011, Daniele answered (#12).

Having failed to file a certificate of interested parties by the May 12 deadline, this court entered two orders (#14 and #15) directing Daniele to file a certificate of interested parties, the second of which set a deadline of June 20, 2011 and warned that failure to comply may result in the

---

[1] Refers to the court's docket entry number

issuance of an order to show cause why sanctions should not be imposed. Daniele did not comply; however, no further orders have been issued on the matter.

On December 23, 2011, Plaintiffs filed the instant request for entry of default as to Daniele based on his failure to defend himself since June 30, 2011. According to Plaintiffs, on that date Daniele participated in a conference call pursuant to Fed. R. Civ. P. 26(f) and Plaintiffs sent the discovery plan and scheduling order to Daniele for his agreement. Daniele failed to respond or otherwise communicate with Plaintiffs since that day. Daniele has also failed to provide initial disclosures pursuant to Rule 26(a) and the discovery plan and scheduling order.

Federal Rule of Civil Procedure 55(a) authorizes entry of default against a party only when that party "has failed to plead or otherwise defend." Thus, no default may be entered if the party has filed a response indicating its intent to defend the action. *See* Fed. R. Civ. P. 55(a), 2007 advisory committee's note; Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial ¶ 6:28 (The Rutter Group 2009). Here, entry of default is inappropriate, as Daniele has indicated his intent to defend this action by filing an answer to Plaintiffs' amended complaint. Daniele may well be subject to sanctions for failure to comply with this court's orders and rules, potentially including default judgment. *See* Fed. R. Civ. P. 37(b). But Plaintiffs have made no motion to compel compliance with Daniele's discovery obligations under Rule 37(a). And Daniele's filing of an answer precludes the use of Rule 55 as a shortcut to such sanctions.

IT IS THEREFORE ORDERED that Plaintiffs' Request to Enter Default of Brian Daniele (#36) is DENIED.

IT IS SO ORDERED.

DATED this 6th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE