STEVEN A. GIBSON
Nevada Bar No. 6656
sgibson@dickinsonwright.com
JODI DONETTA LOWRY
Nevada Bar No. 7798
jdlowry@dickinsonwright.com

# DICKINSON WRIGHT PLLC

City Center West
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Telephone (702) 541-7888
Facsimile (702) 541-7899

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVO DESIGN, INC., a Florida corporation; STEVEN BUDIN, an individual; and ALAN ROLLI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SBR MARKETING LTD., a foreign corporation; and BRIAN DANIELE, an individual,<br><br>Defendants. | **CASE NO.: 2:11-CV-00304-LRH-CWH**<br><br><br>**MOTION TO COMPEL AND FOR SANCTIONS** |

Plaintiffs Stevo Design, Inc. ("Stevo"), Steven Budin and Alan Rolli (collectively "Plaintiffs"), by and through their counsel, Dickinson Wright PLLC, move: (a) to compel Defendant SBR Marketing, Ltd. ("SBR Marketing") to make initial disclosures of documents as required by Fed.R.Civ.P. 26(a)(1)(A)(ii); (b) to compel SBR Marketing to respond in full to each of Plaintiffs' requests for production of documents; (c) to require SBR Marketing to produce Fed.R.Civ.P. 30(b)(6) witnesses for deposition; and (d) for sanctions against SBR Marketing and SBR Marketing's counsel, up to and including entry of default against SBR Marketing.

1   This Motion is based on the incorporated Memorandum of Points and Authorities, on the
2   other pleadings and papers of record in this matter, any oral argument of counsel this Court
3   wishes to adduce, and any other matter of which this Court wishes to take notice.

5   **CERTIFICATION OF COUNSEL PURSUANT TO FED.R.CIV.P. 37(a)(1)**

6   J.D. Lowry, Esq. states as follows under the pains and penalties of perjury of the State of
7   Nevada and the United States of America:

8   1.      I am an attorney-at-law admitted to practice in all courts of the State of Nevada.  I
9   represent the Plaintiffs in United States District Court for the District of Nevada case number
10  2:11-cv-00304-LRH-CWH, *Stevo Design, Inc.* et al. v. *SBR Marketing Ltd.,* et al. (the "Case").

11  2.      On the afternoon of January 4, 2012, counsel for Plaintiffs and counsel for SBR
12  Marketing participated in a conference call, approximately 40 minutes long (the "Meet-and-
13  Confer"), to attempt in good faith to resolve issues surrounding SBR Marketing's refusal to
14  participate in discovery in the Case.  Steven Gibson, Esq., Jonathan Salls, Esq., and I participated
15  in that call on behalf of Plaintiffs, and Gary Kaufman, Esq. and Colin Hardacre, Esq. participated
16  on behalf of SBR Marketing.

17  3.      SBR Marketing's position with respect to Stevo's requests for production of
18  documents is that SBR Marketing believes Stevo's requests for production of documents are
19  objectionable on multiple bases, and, additionally, SBR Marketing will produce no documents
20  until this Court has decided SBR Marketing's pending Motion to Dismiss.  SBR Marketing will
21  likewise provide no available dates for depositions of SBR Marketing's persons most
22  knowledgeable with respect to administrative, financial, and technical issues until this Court has
23  decided SBR Marketing's pending Motion to Dismiss.

4.      Despite the sincere and congenial discussion in which counsel engaged during the Meet-and-Confer, the parties agreed that the parties are not able to resolve this dispute at this time without Court action.

Dated this ninth day of January, 2012.

DICKINSON WRIGHT PLLC

By    /s/ J.D. Lowry

STEVEN A. GIBSON
Nevada Bar No. 6656
JODI DONETTA LOWRY
Nevada Bar No. 7798
City Center West
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

SBR Marketing has completely repudiated SBR Marketing's obligation to participate in discovery in this matter, refusing to provide initial document disclosures or responses to written discovery requests and further refusing to cooperate in the scheduling of out-of-country depositions, and compelled disclosure and production of documents by SBR Marketing is thus warranted.  Further, given the egregious nature of SBR Marketing's behavior in this regard, monetary sanctions against SBR Marketing **and SBR Marketing's counsel**[1], as well as procedural sanctions up to and including default judgment, are warranted at this time.  SBR Marketing's initial disclosure under Fed.R.Civ.P. 26(a)(1)(A)(ii) of documents SBR Marketing may use to support its defenses inappropriately consisted of one sentence describing no actual documents (or locations thereof) at all, in complete dereliction of SBR Marketing's obligations to make initial disclosures.  When Stevo served requests for production of documents on SBR Marketing ("Stevo's RPDs") as allowed by Fed.R.Civ.P. 34, SBR Marketing responded  to Stevo's RPDs with approximately 45 pages of repeated boilerplate objections, no documents,

---

[1] SBR Marketing's noncompliance with discovery obligations appears to be based at least in part on the entirely inappropriate legal foundation on which SBR Marketing's counsel's positions rest.

1  and no declarations or affidavits supporting any of SBR Marketing's objections.  Boilerplate

2  objections are "tantamount to not making any objection at all"[2] under the law of this Court, and

3  unsupported objections of undue burden or other harm are also not permitted by this Court.

4  Stevo thus respectfully requests that, at a minimum, SBR Marketing be compelled to disclose or

5  describe documents in accordance with Fed.R.Civ.P. 26(a)(1)(A)(ii) and to provide responses to

6  Stevo's RPDs, with SBR Marketing's objections thereto deemed waived, but submits as well that

7  Stevo's willful non-compliance with the Federal Rules of Civil Procedure and with this Court's

8  discovery plan and scheduling order warrants case-dispositive sanctions.  Additionally, SBR

9  Marketing has refused to cooperate with the setting of out-of-country depositions of SBR

10 Marketing's Fed.R.Civ.P. 30(b)(6) witnesses until this Court has ruled on SBR Marketing's

11 pending Motion to Dismiss, notwithstanding SBR Marketing's failure ever to seek a stay of

12 discovery or protective order with respect to any aspect of discovery.  Given SBR Marketing's

13 utter repudiation of SBR Marketing's required participation in discovery absent a protective

14 order or granted stay, case-dispositive sanctions are appropriate.  At a minimum, Stevo is entitled

15 to compelled production of documents, compelled depositions of SBR Marketing's Fed.R.Civ.P.

16 30(b)(6) witnesses, and sanctions that include, at a minimum, an award against SBR Marketing

17 and SBR Marketing's counsel of attorneys' fees and costs necessitated by the preparation and

18 filing of this Motion.

19 **II.    FACTS**

20      On November 14, 2011, this Court approved in open court (Doc. No. 35) a Supplemental

21 Discovery Plan and Scheduling Order (the "Scheduling Order") that provides that "[d]iscovery

22 should extend to the full extent allowed by the Federal Rules of Civil Procedure…."  Doc. No.

23 33 at 2:6-7.  Although SBR Marketing has a Motion to Dismiss pending in this matter, which

24 was already pending at the time of this Court's November 14, 2011 discovery conference, the

25 Scheduling Order does not reflect any intention by the parties or the Court to stay discovery or

26

27

28

---

[2] *USF Ins. Co. v. Smith's Food and Drug Center,* case no. 2:10-cv-1513-RLH-LRL, 2011 U.S. Dist. LEXIS 63926, *7 (D. Nev., June 16, 2011), *citing Walker v. Lakewood Condominium Owners Assoc.,* 186 F.R.D. 584, 587 (C.D. Cal. 1999)

1   initial disclosures pending the adjudication of that Motion to Dismiss.  Both out-of-state and

2   local counsel for SBR Marketing signed the Scheduling Order.  *Id.* at 7.

3         On October 19, 2011, SBR Marketing provided Stevo with SBR Marketing's putative

4   initial disclosures as required by Fed.R.Civ.P. 26(a).  Exhibit 1.  With respect to SBR

5   Marketing's required disclosure of documents pursuant to Fed.R.Civ.P. 26(a)(1)(A)(ii), SBR

6   Marketing's "Description Of Documents By Category That SBR May Use to Support Its

7   Defenses" consists in the entirety of the following sentence:  "SBR reserves the right to

8   supplement its response if and when SBR files an answer in this matter and to add any

9   documents disclosed in future discovery or investigation and to use documents produced or listed

10   by any other party in this matter."  Exhibit 1 at 3:1-4.

11         On or about November 23, 2011, Stevo served Stevo's RPDs on SBR Marketing by mail.

12   Exhibit 2 at 25.[3]  On or about December 27, 2011, SBR Marketing responded to Stevo's RPDs

13   with 45 pages of boilerplate objections. Exhibit 3.  SBR Marketing provided no documents in

14   response to Stevo's RPDs, nor did SBR Marketing furnish any affidavits or declarations

15   supporting SBR Marketing's objections.

16         On December 6, 2011, following a conference call on December 2, 2011, Stevo's counsel

17   sent SBR Marketing's counsel a letter requesting dates on which SBR Marketing's Fed.R.Civ.P.

18   30(b)(6) witnesses, as well as counsel, would be available for deposition.  On December 28,

19   2011, counsel for SBR Marketing sent a letter to Stevo's counsel stating:

20             It is our position that in light of SBR's pending motion to
21             dismiss… and the fact that the requested depositions will be
          located in the country of Costa Rica[4] and the State of Indiana, the
22             taking of depositions in this matter is premature and the burden of

---

23      [3] Stevo is mindful of the requirement of LR 26-7(a) that all motions to compel discovery
set forth in full the disputed discovery and responses thereto.  Given the volume of discovery at
24   issue in this motion, which includes 70 requests for production and 45 pages of objections
thereto, Stevo has not reproduced within the body of this motion all 70 requests and objections,
25   but instead has attached Stevo's RPDs and SBR Marketing's responses as exhibits and
incorporates same as though fully set forth herein.  If this Court requires anything further from
26   Stevo, Stevo will provide same promptly.
   [4] SBR Marketing's principal places of business are in Costa Rica and Curaçao.  Amended
27   Complaint (Doc. No. 7) at ¶5. Stevo and SBR Marketing apparently disagree as to whether the
out-of-country depositions in this matter should be taken in Costa Rica or Curaçao, an issue that
28   will likely require this Court's intervention but which Stevo will not address in the instant
Motion.

taking the depositions significantly outweighs any possible benefit to [Stevo]. … We believe that Stevo has not, and cannot state a claim for relief. … In light of the pending motion to dismiss, and the locations of the requested depositions, it is SBR's position that any benefit to Stevo in taking depositions at this stage of the litigation is substantially outweighed by the burden on SBR in submitting to four costly depositions during the pendency of its dispositive motion.  The same holds true for written discovery.  Therefore, SBR suggests that the parties hold off on taking the depositions, and conducting any written discovery, until after the court has ruled.

Letter from Gary Jay Kaufman, Esq. to Jonathan M. A. Salls, Esq., December 28, 2011, attached hereto as Exhibit 4.

On January 4, 2011, Stevo's counsel and SBR Marketing's counsel met and conferred regarding SBR Marketing's refusal to participate in discovery.  SBR Marketing's counsel reiterated SBR Marketing's position that SBR Marketing would not participate in discovery in this matter until after the adjudication of SBR Marketing's Motion to Dismiss, whether by producing documents in response to Stevo's RPDs or by providing dates for the depositions of SBR Marketing's persons most knowledgeable with respect to administration, finance, and technical issues.  Declaration of J.D. Lowry, Esq., *supra.*

## III.   ARGUMENT

### A.   SBR Marketing Has Not Made Initial Disclosures Required By Fed.R.Civ.P. 26(a)(1)(A)(ii).

#### 1.   SBR Marketing Disclosed No Documents Pursuant To Fed.R.Civ.P. 26(a)(1)(A)(ii).

SBR Marketing neither disclosed nor identified any documents in SBR Marketing's Fed.R.Civ.P. 26(a) disclosures that SBR may use to support SBR's defenses in this matter.  Instead, SBR Marketing merely declared that SBR Marketing would "supplement its response if and when SBR files an answer in this matter and to add any documents disclosed in future discovery or investigation and to use documents produced or listed by any other party in this matter."  Exhibit 1 at 3:1-5.

#### 2.   Absent A Stay Or Provision In The Scheduling Order, SBR Marketing Must Make Initial Disclosures Under Fed.R.Civ.P. 26(a).

Absent a stay of these proceedings or provision for delay in the Scheduling Order, neither of which exist in this case, SBR Marketing is obliged to make initial Fed.R.Civ.P. 26(a) disclosures irrespective of the pendency of SBR Marketing's Motion to Dismiss.  Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to provide to other parties, "without awaiting a discovery request," "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless th euse would be solely for impeachment."  Such disclosures must be made within 14 days after the parties' Fed.R.Civ.P. 26(f) conference "unless a different time is set by stipulation or court order" or "unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan."  Fed.R.Civ.P. 26(a)(1)(C). The Scheduling Order contains no objections by SBR Marketing that initial disclosures are not appropriate in this action, and, in fact, the Scheduling Order reflects the parties' agreement that no changes were necessary to the disclosure or timing requirements set forth in Fed.R.Civ.P. 26(a).  Doc. No. 33 at 2:5.  The only other exceptions to the initial disclosure requirement are for cases in the categories enumerated in Fed.R.Civ.P. 26(a)(1)(B)[5], none of which are applicable under these circumstances.  Fed.R.Civ.P. 26(a)(1)(A).  SBR Marketing thus has no excuse under the Federal Rules of Civil Procedure for failing to make initial document disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(A)(ii).

### 3.  SBR Marketing Must Make Fed.R.Civ.P. 26(a)(1)(B) Disclosures And Face Sanctions.

SBR Marketing's failure to make timely and appropriate Fed.R.Civ.P. 26(a)(1)(B) disclosures warrants an order by this Court compelling such disclosures and imposing sanctions on SBR Marketing.  Federal Rule of Civil Procedure 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and

---

[5] These categories comprise actions for review of administrative records or to enforce or quash administrative summonses or subpoenas, forfeiture actions *in rem,* habeas petitions, *pro se* actions by inmates, actions by the United States to recover benefit payments or collect on federally-guaranteed student loans, actions ancillary to proceedings in other courts, and actions to enforce arbitration awards.

for appropriate sanctions."  Given that SBR Marketing has no legally cognizable excuse for SBR Marketing's refusal to make required disclosures under Fed.R.Civ.P. 26(a)(1)(B), Stevo respectfully requests that this Court order SBR Marketing to make such disclosures within 14 days of this Court's granting of the instant Motion.  Stevo further requests that this Court order, at a minimum, payment by SBR Marketing and its counsel of Stevo's reasonable attorneys' fees and costs incurred in making this Motion, as authorized by Fed.R.Civ.P. 37(a)(5)(A).  However, given SBR Marketing's utter repudiation of SBR Marketing's discovery obligations in additional respects, as Stevo will discuss further *infra,* Stevo respectfully requests that this Court entertain more severe sanctions against SBR Marketing, including entry of default against SBR Marketing.

> **B.** **SBR Marketing Has Refused To Produce Documents Responsive To Stevo's Requests.**

> **1.** **Stevo Served Requests For Production Of Documents On SBR Marketing.**

Stevo served Stevo's RPDs on SBR Marketing by mail on or about November 23, 2011. Exhibit 2 at 17.  SBR does not contest that SBR received service of Stevo's RPDs.

> **2.** **SBR Marketing Has Provided Nothing But Boilerplate Objections To Stevo's Requests.**

SBR Marketing responded to Stevo's RPDs on or about December 27, 2011 with approximately 45 pages of non-specific boilerplate objections and no substantive responses at all.  While SBR Marketing did not assert exactly the same set of objections in response to each of Stevo's RPDs, the following constitute each of the objections asserted by SBR Marketing, in addition to SBR Marketing's "general objections,"[6] none of which identify in any way the specific language contained in Stevo's RPDs that gives rise to the objection:

---

[6] SBR Marketing's "general objections" overlap in large measure the objections asserted by SBR Marketing in response to specific RPDs, *i.e., a* general objection that "Defendant further objects to each and every request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the attorney work-product doctrine."  Exhibit 3 at 2:23-25.

1.    "[T]he discovery sought is unreasonably cumulative and/or duplicative and/or can be obtained from some other source that is more convenient, less burdensome, or less expensive"

2.    "Stevo has had ample opportunity to obtain the information by discovery in the Florida Litigation"

3.    "[T]he burden and/or expense of the proposed discovery outweighs its likely benefit in light of Defendant's currently pending motion to dismiss"

4.    "[T]he request is overly broad, burdensome and harassing and therefore exceeds the scope of permissible discovery"

5.    "[T]he request seeks private business information, including trade secrets, that are privileged and therefore protected from disclosure"

6.    "[T]he request seeks documents containing information about third parties that is protected from disclosure by statutory and constitutional rights to privacy"

7.    "[T]he request seeks documents already in Plaintiffs' possession and therefore is burdensome"

8.    "[T]he request seeks documents that are not relevant to the subject matter of this action and not calculated to lead to discovery of admissible evidence"

9.    "[T]he request seeks information that is contractually prohibited from disclosure"

10.   "[T]he request seeks documents protected from disclosure by the attorney-client and/or attorney work-product privileges"

SBR Marketing provided no declarations or affidavits supporting any of SBR Marketing's claims set forth in the above-referenced objections, nor did SBR Marketing identify the specific language SBR Marketing found objectionable or any facts giving rise to objectionability.  For example, in response to Stevo's Request No. 2, "Produce all Contracts[7] Relating to Plaintiffs," SBR Marketing has made the objection:

---

[7] "Contract" is defined in Stevo's RPDs as "all agreements, contracts, understandings, undertakings, obligations, and other Documents or matters where there is or was an agreement to be bound."  Exhibit 2 at 2:22-23.  "Relating to" or "Relate to" is defined as "referring to, concerning, regarding, constituting, comprising, containing, setting forth, summarizing,

1
2
3
4
5
6
7
8

Defendant hereby incorporates the general objections above and Defendant further objects on the grounds that the discovery sought is unreasonably cumulative and/or duplicative and/or can be obtained from some other source that is more convenient, less burdensome, or less expensive; Stevo has had ample opportunity to obtain the information by discovery in the Florida Litigation; the burden and/or expense of the proposed discovery outweighs its likely benefit in light of Defendant's currently pending motion to dismiss; the request is overly broad, burdensome and harassing and therefore exceeds the scope of permissible discovery; the request seeks documents already in Plaintiffs' possession and therefore is burdensome; and the request seeks documents that are not relevant to the subject matter of this action and not calculated to lead to discovery of admissible evidence.

9   Exhibit ??? at 4:4-12.  In no way has SBR Marketing identified what specific portion or portions

10  of the six-word Request No. 2 are objectionable.  For example, SBR Marketing has not identified

11  how such discovery is "unreasonably cumulative and/or duplicative," given that Stevo's RPDs

12  are the first written discovery Stevo has propounded in this action and SBR Marketing has not

13  even provided initial disclosures under Fed.R.Civ.P. 26(a).  SBR Marketing has similarly not

14  identified how a request for contracts *relating to the Plaintiffs* is somehow "overly broad,

15  burdensome, and harassing" or in excess of the scope of discovery allowed by Fed.R.Civ.P.

16  26(b)(1), which allows for parties to obtain discovery "regarding any nonprivileged matter that is

17  relevant to any party's claim or defense—including the existence, description, nature, custody,

18  condition and location of any documents…".  SBR Marketing has certainly not explained how

19  contracts *relating to the Plaintiffs* are somehow "not relevant to the subject matter of this action

20  and not calculated to lead to discovery of admissible evidence."  By failing to make even a

21  rudimentary effort to identify and explain the basis for SBR Marketing's objections to Stevo's

22  RPDs, SBR Marketing has provided neither Stevo nor this Court with any basis for determining

23  how Stevo's discovery needs could potentially be satisfied in a less burdensome manner.  SBR

24  Marketing has instead effectively ignored the substance of Stevo's RPDs and simply failed to

25  respond meaningfully to Stevo's RPDs in any respect.

26          **3.      Boilerplate Objections Are Insufficient.**

27

28  reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evidencing, arising out of, discussing or evaluating, directly or indirectly."  *Id.* at 5:22-25.

Boilerplate objections that do not identify the specifically objectionable language of the discovery requests constitute insufficient responses to Fed.R.Civ.P. 34 requests for production of documents.  This Court has repeatedly recognized that "a party's boilerplate or generalized objection is 'tantamount to not making an objection at all.'"  *USF Ins. Co. v. Smith's Food and Drug Center,* case no. 2:10-cv-1513-RLH-LRL, 2011 U.S. Dist. LEXIS 63926, *7 (D. Nev., June 16, 2011), *citing Walker v. Lakewood Condominium Owners Assoc.,* 186 F.R.D. 584, 587 (C.D. Cal. 1999).  In this case, SBR Marketing's 45 pages of boilerplate objections, especially given that such objections are coupled with *no* substantive responses to Stevo's RPDs whatsoever, constitute 45 pages of "not making an objection at all."

> **4.      Even Assuming SBR Marketing's Objections Are Not Boilerplate, SBR Marketing's Objections Are Still Not Viable.**

Even if this Court somehow found that SBR Marketing's objections were sufficiently particularized to constitute something other than nonresponsive boilerplate, none of the objections asserted by SBR Marketing are supported by any factual or legal bases, and those objections should accordingly be overruled by this Court.  Stevo addresses each of SBR Marketing's objections as follows:

> ***i.      "[T]he discovery sought is unreasonably cumulative and/or duplicative and/or can be obtained from some other source that is more convenient, less burdensome, or less expensive"***

SBR Marketing has neither moved for a protective order nor provided a declaration setting forth facts that would allow Stevo or this Court to assess the cumulativeness or duplicativeness of Stevo's RPDs, or to ascertain whether the sought discovery could, in fact, be obtained from a different source.  Given that Stevo's RPDs constitute the first set of written discovery propounded on SBR Marketing, and that SBR Marketing has never provided any disclosures to Stevo under Fed.R.Civ.P. 26(a), it is entirely unclear on what basis SBR Marketing believes any of Stevo's RPDs are "cumulative" or "duplicative."  SBR Marketing has further failed to make any effort to respond to Stevo's RPDs with documents whose production

1    is not reasonably subject to objection.  This objection is thus unsubstantiated and subject to being

2    overruled.

3              ii.          **"Stevo has had ample opportunity to obtain the information by discovery**

4                          **in the Florida Litigation"**

5              This objection is not only irrelevant and factually untrue, but contrary to the plain

6    language of Federal Rule of Civil Procedure 26.  Whether Stevo did or did not obtain any

7    information from SBR Marketing in discovery in a state court case in Florida[8] is not germane to

8    SBR Marketing's obligation to provide complete responses to Stevo's RPDs.  (In fact, Stevo did

9    not conduct discovery in that case, which has been dismissed against SBR Marketing.)

10   Moreover, Fed.R.Civ.P. 26(b)(2)(C)(ii) only authorizes a court to limit the frequency or extent of

11   discovery if "the party seeking discovery has had ample opportunity to obtain the information by

12   discovery in ***the action***" (emphasis supplied)—*i.e.,* the *instant* case, not a state court case in

13   another jurisdiction altogether.  Of course, for SBR Marketing even to have been able to reap the

14   benefit of that limited protection, SBR Marketing would have had to file a Motion for Protective

15   Order prior to the due date for SBR Marketing's responses to Stevo's RPDs.  Fed.R.Civ.P.

16   37(d)(2) (failure to respond to requests for production "is not excused on the ground that the

17   discovery sought was objectionable, unless the party failing to act has a pending motion for a

18   protective order under Rule 26(c).")  In no event is there any merit to this objection, which this

19   Court should overrule.

20             iii.         **"[T]he burden and/or expense of the proposed discovery outweighs its**

21                          **likely benefit in light of Defendant's currently pending motion to dismiss"**

22             SBR Marketing has neither moved for a protective order nor presented evidence by way

23   of declaration regarding the extent of the "burden and/or expense" that SBR Marketing would

24   sustain if SBR Marketing provided responses to Stevo's RPDs.  If, in fact, SBR Marketing had

25   moved for a protective order prior to the deadline for SBR Marketing to respond to Stevo's

26   RPDs, or sought an extension within which to move for such protective order, then this Court

27

28              [8] Instant counsel were late to enter the Florida litigation and have no memory of any
     documents having been identified or produced in that case.

-12-

might well have had a basis to entertain this argument.  However, by merely making objections and not moving for a protective order *in advance* as required by Fed.R.Civ.P. 37(d)(2), SBR Marketing failed procedurally to do what was required to obtain forbearance from discovery obligations.  In this case, the Scheduling Order requires discovery to be completed by April 27, 2012.  Doc. No. 33 at 2:13-14.  For Stevo to complete discovery by April 27, 2012, Stevo must commence taking depositions of SBR Marketing's Fed.R.Civ.P. 30(b)(6) witnesses as soon as possible.  Stevo propounded Stevo's RPDs within three weeks after this Court's entry of the Scheduling Order, in the anticipation of receiving responsive documents no later than the end of December 2011 and scheduling those Fed.R.Civ.P. 30(b)(6) depositions during the first week of February, which would have provided Stevo with a reasonable amount of time in which to review SBR Marketing's document production and prepare for depositions.  Now, depending on the time frame within this Court hears the instant Motion, Stevo must push back Stevo's Fed.R.Civ.P. 30(b)(6) depositions until, most optimistically, the end of February, and will likely be required to move for an extension of discovery as a result of SBR Marketing's delay, resulting in a further backlog of this Court's docket and frustration of the case management guidelines the Federal Rules of Civil Procedure are designed at least in part to support.  If SBR Marketing believed that SBR Marketing should have been subject to forbearance from discovery obligations, SBR Marketing should have followed Fed.R.Civ.P. 37(d)(2)'s mandate to move for a protective order prior to the due date for SBR Marketing's responses to Stevo's RPDs.  Not having done so, SBR Marketing should not be allowed to frustrate the ordered course of discovery in this matter. This objection is thus unsubstantiated and subject to being overruled.

> iv.      *"[T]he request is overly broad, burdensome and harassing and therefore exceeds the scope of permissible discovery"*

SBR Marketing has neither moved for a protective order nor presented any evidence by way of declaration that supports SBR Marketing's contention that the discovery sought by Stevo is "burdensome" or "harassing."  By failing to identify any legitimate basis for this objection in response to *any* of Stevo's RPDs, SBR Marketing provides Stevo with no opportunity potentially to cure the putative overbreadth or harassment of Stevo's RPDs.  Certainly, it is unclear how a

request for production of, *e.g.,* "all Documents Relating to Plaintiffs" (Stevo's RPD No. 1), "all Contracts Relating to Plaintiffs" (Stevo's RPD No. 2), or "all Documents Relating to any Contract Relating to Plaintiffs" (Stevo's RPD No. 3) is overbroad or "harassing," when all Stevo has sought through these RPDs is ***documents relating to Stevo.*** Moreover, given SBR Marketing's failure to disclose any description of potentially relevant documents under Fed.R.Civ.P. 26(a)(1)(A)(ii), SBR Marketing certainly should not be able to complain that Stevo's RPDs were insufficiently tailored or specific.  SBR Marketing's unthinking, robotic objections to entirely legitimate discovery requests are precisely the types of discovery-frustrating, docket-clogging objections frowned upon in this Court. This objection is thus unsubstantiated and subject to being overruled.

> v.       ***"[T]he request seeks private business information, including trade secrets, that are privileged and therefore protected from disclosure"***

"Private business information" that does not constitute a trade secret is not subject to any privilege under Nevada law and must thus be produced in response to appropriate discovery requests.  *See* Nevada Revised Statutes Chapter 49.  SBR Marketing provided no declaration describing the nature of the "private business information" or "trade secrets" at issue, and this objection is thus unsupported.  Nor has SBR Marketing provided any privilege log or other information to Stevo regarding the potential scope of documents responsive to Stevo's RPDs that may be potentially subject to trade secret protection so that Stevo could have been in a position to propose an accommodation, such as an appropriate protective order, with respect to such documents.  As this Court has recognized, a party asserting privilege or confidentiality:

>has the burden of showing that the privilege applies to a given set of documents. … The claim must be expressly made and supported by a sufficient description of the nature of the documents, communications, or things not produced so as to enable the demanding party to contest the claim. … A generalized, self-serving, conclusory assertion of protection or privilege is without merit.

*Diamond State Ins. Co. v. Rebel Oil Co.,* 157 F.R.D. 691, 697-98 (D. Nev. 1994) ("*Diamond State*").  In no way has SBR Marketing met SBR Marketing's burden of demonstrating that any privilege applies to any particular set of documents.  Further, SBR Marketing has not moved for

-14-

a protective order with respect to any such information as required by Fed.R.Civ.P. 37(d)(2). This objection is thus unsubstantiated and subject to being overruled.

### vi.   "[T]he request seeks documents containing information about third parties that is protected from disclosure by statutory and constitutional rights to privacy"

SBR Marketing has neither moved for a protective order nor provided any declaration describing the types of "documents containing information about third parties" referenced in this objection or the specific purported "statutory and constitutional rights to privacy" implicated by this request.  SBR Marketing has asserted this objection with respect to RPDs such as, *e.g.,* "Produce all Documents Relating to the Copyrighted Works[9]" (RPD No. 27), which facially do not appear in any manner to implicate anyone's "statutory and constitutional rights to privacy." How a document in the possession of SBR Marketing, relating to works whose copyrights are owned by Stevo and which SBR Marketing had no right to reproduce without Stevo's permission, raises a question of someone's "statutory and constitutional rights to privacy" is so unclear that SBR Marketing's objection appears, absent further explanation, to be entirely specious.  This objection is thus unsubstantiated and subject to being overruled.

### vii.   "[T]he request seeks documents already in Plaintiffs' possession and therefore is burdensome"

SBR Marketing has neither moved for a protective order nor provided any declaration regarding the scope of documents that SBR Marketing believes already to be in Plaintiffs' possession.  As discussed *supra,* it is not clear how any such documents could be in Plaintiffs' possession, given that Stevo's RPDs are the first written discovery Stevo has propounded in this matter and SBR Marketing has not even provided Fed.R.Civ.P. 26(a) disclosures to Stevo. Further, as multiple federal courts have held, a document request is not *per se* "burdensome"

---

[9] The "Copyrighted Works" are defined as "collectively or individually, the Mancini Photograph, the Mancini Biography, the Mancini Header, the 1-7-10 Lang Video, the 2-6-11 Budin Report, the 2-10-11 Lang Video, and the 2-15-11 Budin Report," *i.e.,* the specific works whose copyrights are owned by Stevo and with respect to which Stevo has asserted copyright infringement claims against SBR Marketing, which are defined in the Amended Complaint as well as elsewhere in Stevo's RPDs.

simply because the propounding party may have some responsive documents in that party's possession. *See, e.g., VNA Plus, Inc. v. Apria Healthcare Group, Inc.,* case no. 98-2138-KHV, 1999 U.S. Dist. LEXIS 8908, *18 (D. Kan. 1999) ("Asking for information already within the possession of the party seeking the discovery does not of itself make the [discovery request] unduly burdensome or oppressive.")  This objection is thus unsubstantiated and subject to being overruled.

> ### viii.    *"[T]he request seeks documents that are not relevant to the subject matter of this action and not calculated to lead to discovery of admissible evidence"*

SBR Marketing has neither moved for a protective order nor provided any declaration regarding the types of documents SBR Marketing believes Stevo's RPDs require to be produced that SBR Marketing believes are "not relevant to the subject matter of this action."  Stevo has sought documents that are directly relevant to the subject matter of this action, in which Stevo alleges SBR Marketing's misappropriation for an unknown period of years, and profit from such misappropriation, of Stevo's intangible property.  The documents Stevo has sought include, remarkably, documents *relating to Stevo,* but SBR Marketing has characterized even those clearly relevant documents as "not relevant to the subject matter of this action and not calculated to lead to discovery of admissible evidence."  This entirely baseless objection is thus unsubstantiated and subject to being overruled.

> ### ix.    *"[T]he request seeks information that is contractually prohibited from disclosure"*

SBR Marketing has neither moved for a protective order nor provided any declaration identifying the "information that is contractually prohibited for disclosure" or the contractual basis under which such alleged prohibitions arise.  This objection is thus unsubstantiated and not cognizably appropriate under these circumstances.

> ### x.    *"[T]he request seeks documents protected from disclosure by the attorney-client and/or attorney work-product privileges"*

SBR Marketing has provided no privilege log itemizing documents subject to the attorney-client privilege or the work product doctrine.  This Court requires all documents as to which a claim of privilege has been asserted to be itemized in a log allowing opposing parties and the Court the ability to adjudicate the viability of the asserted privileges.  *Diamond State,* 157 F.R.D. at 697-98 (D. Nev. 1994).  Moreover, the Scheduling Order requires that "[a] Party claiming that any item within the scope of discovery is protected as either privileged or as trial preparation material, pursuant to Fed.R.Civ.P. 26(b)(5), shall submit a privilege log detailing the nature of the privilege or the basis for the item's or items' protection as trial preparation material."  Doc. No. 33 at 5:28-6:3. While the Scheduling Order does not require a party to produce a privilege log until 21 days after the documents itemized therein would otherwise have been produced, meaning that SBR Marketing's privilege log is not due until January 17, 2012, SBR Marketing's counsel confirmed during the Meet-and-Confer that SBR Marketing would not produce a privilege log at that time.  This objection is thus unsubstantiated and subject to being overruled, with any applicable privileges deemed waived.

### 5.    SBR Marketing Agreed To A Discovery Plan Allowing Discovery To Proceed.

SBR Marketing agreed to the Discovery Plan entered by this Court on or about November 14, 2011.  Documents Nos. 33, 35.  This Order provides that "[d]iscovery shall extend to the full extent allowed by the Federal Rules of Civil Procedure," Doc. No. 33 at 2:6-7, with discovery to close on April 27, 2012, *id.*  Nothing in the Discovery Plan provides for any stay of discovery pending resolution of SBR Marketing's Motion to Dismiss.  SBR Marketing has never moved for a stay of discovery, for a protective order enjoining discovery until the adjudication of SBR Marketing's Motion to Dismiss, or an amendment of the Scheduling Order extending discovery until such time as this Court has adjudicated the Motion to Dismiss.

### 6.    SBR Marketing Must Provide Documents To The Extent Possible.

SBR Marketing is required by Fed.R.Civ.P. 34 to respond to Stevo's RPDs to the extent possible, and SBR has not done so.  Federal Rule of Civil Procedure 34(b)(2)(C) provides that

"[a]n objection to part of a request must specify the part and permit inspection of the rest."

Certainly SBR Marketing is aware of the existence of at least some documents that are clearly

responsive to Stevo's RPDs and not subject to any potential issues related to privileges or

confidentiality.  Federal Rule of Civil Procedure 34(b)(2)(C) requires SBR Marketing to produce

that subset of documents at a minimum along with SBR Marketing's objections to Stevo's

remaining RPDs.  SBR Marketing did not do so, and confirmed during the Meet-and-Confer that

SBR refused to produce any documents at all, of any nature, in response to the RPDs.  SBR

Marketing has thus additionally violated Fed.R.Civ.P. 34(b)(2)(C).

> **7.**     **SBR Marketing's Refusal To Produce Documents**
> 
> **Warrants, At A Minimum, Compelled Production Of**
> 
> **Documents.**

SBR Marketing's refusal to produce documents, coupled with SBR Marketing's

boilerplate, unsupported objections, warrants an order from this Court compelling, at a

minimum, production of all documents responsive to Stevo's RPDs.  Federal Rule of Civil

Procedure 37(a)(3)(B)(iv) provides that "[a] party seeking discovery may move for an order

compelling an answer, designation, production, or inspection" if "a party fails to respond that

inspection will be permitted—or fails to permit inspection—as requested under Rule 34."

Federal Rule of Civil Procedure 37(a)(4) provides further that "an evasive or incomplete

disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

SBR Marketing has, at best, "fail[ed] to permit inspection" under Fed.R.Civ.P. 34, and SBR

Marketing's boilerplate, unsupported objections are arguably so "evasive or incomplete" as to

warrant this Court's treatment of SBR Marketing as having provided no responses to Stevo's

RPDs at all.  Such failure to respond, under Fed.R.Civ.P. 37(d)(2), "is not excused on the ground

that the discovery sought was objectionable, unless the party failing to act has a pending motion

for a protective order under Rule 26(c)," which SBR Marketing does not so have.  This Court is

thus empowered to enter sanctions against SBR Marketing and SBR Marketing's counsel,

including an award to Stevo of Stevo's attorney's fees "caused by the failure," as described in

Fed.R.Civ.P. 37(b)(2)(A).  While Stevo requests, at a minimum, that SBR Marketing be required

to answer all of Stevo's RPDs in full, with all objections deemed waived or overruled, Stevo respectfully submits to this Court that SBR Marketing's utter repudiation of discovery obligations warrants case-dispositive sanctions, as allowed by Fed.R.Civ.P. 37(b)(2)(A)(vi).

**C.   SBR Marketing Refuses To Engage In Other Discovery.**

**1.   SBR Marketing Has Refused To Engage In Deposition Discovery.**

SBR Marketing has additionally refused, in response to Stevo's requests for available deposition dates for SBR Marketing's various persons most knowledgeable, to provide such deposition dates, and has in fact indicated through counsel SBR Marketing's categorical refusal to engage in discovery pending this Court's adjudication of SBR Marketing's Motion to Dismiss.

**2.   SBR Marketing Must Engage In Discovery Absent A Protective Order Or Granted Stay.**

Given that SBR Marketing has obtained neither a protective order enjoining discovery nor a stay of discovery, SBR Marketing is obliged, by virtue of the Scheduling Order, to participate in the discovery ordered by this Court, notwithstanding the pendency of SBR Marketing's Motion to Dismiss.

**3.   SBR Marketing's Refusal To Engage In Discovery Warrants An Order Granting Default Judgment Against SBR Marketing.**

SBR Marketing's outright refusal to engage in the discovery process warrants an Order by this Court granting Stevo a default judgment against SBR Marketing.  Federal Rule of Civil Procedure 37(b)(2)(A) provides that:

> If a party… fails to obey an order to provide or permit discovery, including an order under Rule 26(f)… the court where the action is pending may issue further just orders.  They may include the following:
> …
> (vi)  rendering a default judgment against the disobedient party.

SBR Marketing has "fail[ed] to obey an order to provide or permit discovery" by refusing to cooperate in the scheduling of out-of-country depositions[10] and indicating that, if Stevo notices any such depositions, no SBR Marketing witnesses will be in attendance.  It is difficult to envision a more complete frustration of the discovery process.  SBR Marketing's frustration of Stevo's efforts to obtain any discovery in this matter should not be countenanced by this Court.  Stevo thus respectfully requests that this Court enter default judgment against SBR Marketing for SBR Marketing's effective non-appearance to defend this lawsuit.

## IV.  <u>CONCLUSION</u>

For the reasons set forth herein, Stevo requests that this Court enter default judgment against SBR Marketing, or, at a minimum, order SBR Marketing to: (a) respond in full to Stevo's RPDs, with all objections deemed waived, within 14 days and (b) provide Fed.R.Civ.P. 30(b)(6) witnesses for deposition within 30 days following such production of documents.  In either event, Stevo also requests an award, against SBR Marketing and SBR Marketing's counsel, of Stevo's reasonable attorney's fees and costs incurred in addressing SBR Marketing's noncompliance with SBR Marketing's discovery obligations.

Respectfully submitted this ninth day of January, 2012.

DICKINSON WRIGHT PLLC


By   /s/ J.D. Lowry

STEVEN A. GIBSON
Nevada Bar No. 6656
JODI DONETTA LOWRY
Nevada Bar No. 7798
City Center West
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128

---

[10] Stevo recognizes that, ordinarily, this Court might not be inclined to grant relief based merely on an anticipatory repudiation of a deposition notice, and might instead require that SBR Marketing actually fail to appear for a properly-noticed deposition before relief would be appropriate.  In this case, however, given that the parties agree at this time that SBR Marketing's 30(b)(6) witnesses will be deposed in either Costa Rica or Curaçao, Stevo respectfully submits that Stevo should not be required to arrange for an out-of-country deposition and send attorneys to either Central America or the southern Caribbean merely to make a record of SBR Marketing's previously-announced non-appearance.

-20-

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5-1 of this Court, I certify that I am an employee of Dickinson Wright PLLC and that on this ninth day of January, 2012, I electronically filed the foregoing **Motion to Compel and for Sanctions** with the Clerk of the Court by using the CM/ECF system, and copies have been electronically mailed to:

Gary Jay Kaufman, Esq.
The Kaufman Law Group
1901 Avenue of the Stars, Suite 1010
Los Angeles, California  90067

Chad Bowers, Esq.
Chad A. Bowers, Ltd.
3202 West Charleston Boulevard
Las Vegas, Nevada 89102

*Attorneys for Defendants*

By: /s/  J.D. Lowry
An employee of Dickinson Wright PLLC