Gary Jay Kaufman, Esq. (*Admitted Pro Hac Vice*)
gary@kaufmanlawgroupla.com
Colin Hardacre, Esq.      (*Admitted Pro Hac Vice*)
colin@kaufmanlawgroupla.com
THE KAUFMAN LAW GROUP
1901 Avenue of the Stars, Suite 1010
Los Angeles, California 90067
Telephone:  (310) 286-2202
Facsimile:   (310) 712-0023

Chad Bowers (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

Attorneys for Defendant,
SBR Marketing, Ltd.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVO DESIGN, INC., a Florida corporation; STEVEN BUDIN, an individual; and ALAN ROLLI, an individual,<br><br>           Plaintiffs,<br>   v.<br><br>SBR MARKETING LTD., a foreign corporation; and BRIAN DANIELE, an individual,<br><br>           Defendants. | Case No. 2:11-cv-00304<br><br>**SBR MARKETING, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff, Stevo Design, Inc. ("Stevo") has no standing to bring this action and has embarked on a fishing expedition in an effort to impermissibly harass Defendant SBR Marketing, Ltd. ("SBR").  With a dispositive motion pending before this Court, Stevo propounded patently unreasonable discovery requests seeking production of literally every word posted to SBR's websites over ten years – at the very least 10,518,582 postings – and information regarding 181,612 users.  This information comprises potentially hundreds of thousands of pages and many megabytes of data, and Stevo has made no attempt to show that the documents requested are either relevant or are reasonably calculated to lead to the discovery of admissible evidence.  Incredibly, Stevo is seeking production of documents going back ten years, despite the fact that the earliest wrongful act alleged in its 1084 paragraph, 139 page amended complaint occurred in January, 2010.  Despite the overbroad-in-the-extreme nature of the discovery sought, Stevo (after participating in what it concedes was a good faith meet and confer conference with counsel for SBR) **failed to withdraw, alter, modify or limit a single one of its seventy (70) requests for production.**  Instead, Stevo filed the within motion, seeking to compel the production *in toto*.

Indeed, Stevo does not set forth a single one of its seventy (70) requests and does not even attempt to advocate for their legitimacy.  Perhaps this is because there are no legitimate reasons for the requests.  Stevo's discovery requests are not made in good faith and are little more than an oppressive litigation tactic that this Court should not countenance.

### II.  BACKGROUND FACTS REGARDING THE PARTIES AND THE LITIGATION

SBR Marketing is a foreign corporation that maintains its principal place of business in Costa Rica, from which it operates a website, sbrforum.com ("SBR Forum").  (FAC, ¶¶ 5, 33).  SBR Forum is a leading sports odds community and information website that is frequently quoted and referenced across all types of online destinations and print publications.

/ / /

1 Representative publications include the Seattle Times, Miami Herald and Time Magazine
2 Online.  (Hardacre Decl., ¶ 2).
3      One aspect of SBR Forum is the operation of a Bulletin Board System, or "BBS," that
4 permits users to read news and bulletins, and exchange messages with other users, either through
5 electronic mail or on public message boards.  (Hardacre Decl., ¶ 3).   It is SBR's operation of
6 this BBS that gives rise to each of Stevo's purported claims against SBR.  (Hardacre Decl., ¶ 3).
7 As of January 24, 2012, SBR Forum contains 951,645 threads, 10,518,582 posts and 181,612
8 members.  (Hardacre Decl., ¶ 4, Ex. C).
9      Stevo is a Florida corporation with its principal place of business located in Florida.
10 (FAC, ¶ 2).  According to the FAC, Stevo is in the business of selling sports betting reports.
11 (FAC, ¶ 21).  All of Stevo's claims against SBR arise from allegations that Stevo customers
12 posted information obtained from Stevo on SBR Forum's BBS.  (Hardacre Decl., ¶ 5).   The
13 individual Plaintiffs, Steve Budin and Alan Rolli, have stated no claims against SBR.  (Hardacre
14 Decl., ¶ 5).
15      On May 21, 2010, counsel for Stevo sent a letter to SBR concerning "Unauthorized
16 Publication of Information . . ."  (Hardacre Decl., Ex. B – Ex. 9 to Stevo's Florida Circuit Court
17 Complaint (the "Florida Complaint"), attached as Ex. A to SBR's Request for Judicial Notice).
18 The letter was sent by attorney Samuel A. Lewis of Feldman Gale.  (Hardacre Decl., Ex. B – Ex.
19 9 to Ex. A to SBR's Request for Judicial Notice).  The letter was sent from Feldman Gale's
20 Miami office to SBR Marketing at a registered corporate address, and to its Webmaster at
21 webmaster@sportsbookreivew.com.  (Hardacre Decl., Ex. B – Ex. 9 to Ex. A to SBR's Request
22 for Judicial Notice).  In this letter, attorney Lewis asserted that SBR Marketing was liable for the
23 acts of Stevo customers that were violating copyright law and contractual duties by posting Stevo
24 betting information on SBR Forum.  (Hardacre Decl., Ex. B – Ex. 9 to Ex. A to SBR's Request
25 for Judicial Notice).
26      On June 30, 2010, Stevo filed suit in Miami - Dade County, Florida, against SBR and
27 various users of SBR Forum ("Users").  (Hardacre Decl., Ex. B – Miami-Dade County Clerk –
28

Case No. 2:11-cv-00304 – Opposition to Plaintiffs' Motion to Compel - 3

1  Docket Information for Case No. 2010-31442-CA-01, Stevo Design v. SBR Marketing, Ltd.,
2  attached as Ex. B to SBR's Request for Judicial Notice).  It is important to note that Stevo filed
3  suit in state court, thereby *precluding any copyright claims* over which Federal courts have
4  exclusive jurisdiction.  The Florida Complaint alleged that Stevo's betting reports constituted
5  trade secrets and that purchasers of those reports were contractually bound to maintain
6  confidentiality.  (Hardacre Decl., Ex. B – Ex. A to SBR's Request for Judicial Notice).  The suit
7  alleged a breach of contract and trade secret misappropriation against Users.  (Hardacre Decl.,
8  Ex. B – Ex. A to SBR's Request for Judicial Notice).  The sole claim against SBR was a single
9  count for tortious interference with Stevo's contractual relations with its customers.  (Hardacre
10 Decl., Ex. B – Ex. A to SBR's Request for Judicial Notice).

11      SBR defended the action and filed a Motion to Dismiss.  (Hardacre Decl., Ex. B – Ex. B
12 to SBR's Request for Judicial Notice).  In response, Stevo hired attorney Steve Gibson, who is
13 based in Las Vegas.  Attorney Gibson substituted in as Stevo's counsel and on February 9, 2011
14 – in the shadow of a hearing on SBR's Motion to Dismiss – Stevo filed a Voluntary Dismissal of
15 SBR.  (Hardacre Decl., Ex. B – Ex. B to SBR's Request for Judicial Notice).  Stevo then packed
16 its legal bag and filed the current action on February 24, 2011, here in the District of Nevada,
17 where the only connection to the forum is the location of Gibson's office.[1]

18      Stevo's original District of Nevada Complaint was not served on SBR and, on April 6,
19 2011, Plaintiffs filed their 139 page, 1084 paragraph FAC, alleging sixty-five (65) causes of
20 action.  The FAC added two additional Plaintiffs, Steve Budin and Alan Rolli, and one additional
21 Defendant, Brian Daniele.  (*See* FAC, ¶¶ 3, 4, 6).  Whereas the focus of Stevo's Florida action

---

[1] It is interesting to note that Righthaven, LLC – an entity for which Stevo's attorney, Steve Gibson, is the C.E.O. – filed suit in Nevada District Court earlier this year based on alleged infringements of Stevo copyrights.  See *Righthaven, LLC v. Allec*, District of Nevada Case No. 11-cv-00532.  The fact that Stevo was the true copyright holder was not disclosed in Righthaven's original complaint.  However, as a result of a ruling in *Righthaven v. Democratic Underground,* District of Nevada Case No. 10-cv-01356, Righthaven filed an Amended Certificate of Interested Parties and an Amended Complaint in *Righthaven, LLC v. Allec*, disclosing the true nature and ownership of the copyrights at issue.

was the Users, the focus of Stevo's claims in the instant action is SBR's alleged liability for user generated content posted on SBR Forum.  Stevo's purported fifty-six (56) causes of action against SBR comprise of multiple counts of service mark infringement (15 U.S.C. § 1114); contributory service mark infringement; false designation of origin (15 U.S.C. § 1125(a)); contributory false designation of origin; service mark dilution (15 U.S.C. § 1125(c)) by blurring and by tarnishment; contributory service mark dilution; copyright infringement (17 U.S.C. § 501); vicarious copyright infringement; contributory copyright infringement, and several causes of action arising under Florida statutes and common law (misappropriation of trade secrets; contributory misappropriation of licensable commercial property; civil theft; and tortious interference with contractual relations).

Despite 139 pages, 1084 paragraphs, the FAC does not allege a single act of infringement by SBR *prior* to 2010.  In addition, the earliest date alleged for any copyright registration is June 17, 2008.  (FAC, ¶ 22 (b)).

On August 24, 2011, SBR filed its motion to dismiss the FAC pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6).  (Docket No. 26).  Stevo and SBR timely filed their opposition and reply papers on September 12, 2011 and September 19, 2011, respectively.  (Docket Nos. 31 and 32).    This motion is still pending before the Court. (Hardacre Decl., ¶ 6).

The Parties held their Rule 26 conference on October 5, 2011.  (Hardacre Decl., ¶ 7). Fourteen days later, on October 19, 2011, SBR timely served Stevo by U.S. Mail with SBR's initial disclosures.  (*See* Plaintiff's Moving Papers, Ex. 1; Hardacre Decl., ¶ 8).  Stevo did not utter a word regarding the initial disclosures until January 8, 2012, one day prior to filing the instant motion. (Hardacre Decl., ¶ 9).

Stevo did not serve SBR with its initial disclosures until November 14, 2011, some forty (40) days after the Rule 26 meeting.  (Hardacre Decl., ¶ 10, Ex. D).

On November 23, 2011, Stevo served SBR by Mail with its First Set of Requests for Production.  (*See* Plaintiff's Moving Papers, Ex. 2).  SBR served Stevo by Mail with its timely objections on December 27, 2011.  (*See* Plaintiff's Moving Papers, Ex. 3).  On December 29,

2011, Stevo's counsel requested via letter that the parties meet and confer regarding discovery issues.  (Hardacre Decl., ¶ 11, Ex. E).  The next day, SBR's counsel agreed to participate in a meet and confer conference call one business day later: January 4, 2012.  (Hardacre Decl., ¶ 12, Ex. F).  The meet and confer took place on that day and the outcome was that Stevo did not alter, modify, limit, or withdraw a single one of its document requests.  (Hardacre Decl., ¶ 13).  Stevo has not served SBR with any notice of deposition.  (Hardacre Decl., ¶ 14).

### III.   ARGUMENT

**A.   THIS COURT SHOULD DENY PLAINTIFFS' MOTION AND SUSTAIN SBR"S OBJECTIONS TO STEVO'S OVERBROAD AND HARRASSING DOCUMENT REQUESTS.**

Stevo's document requests are overbroad on their face, not made in good faith and are calculated to do nothing more than harass SBR by increasing the costs of a lawsuit that Stevo has no standing to bring.  Pursuant to Federal Rules of Civil Procedure Rule 26, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C), which states that the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

/ / /

1       Document requests must describe with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. Rule 34. A discovery request should be sufficiently definite and limited in scope that it can be said "to apprise a person of ordinary intelligence what documents are required and [to enable] the court ... to ascertain whether the requested documents have been produced." *Adobe Systems Inc. v. Christenson*, 2011 WL 540278, 10 (D. Nev., 2011), *citing Regan-Touhy v. Walgreen Company,* 526 F.3d 641, 649-650 (10th Cir. 2008) *citing* Wright & Miller, 8A Federal Practice and Procedure § 2211 at 415.

      A request may be overly broad on its face "if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope." A request seeking documents "pertaining to" or "concerning" a broad range of items "requires the respondent either to guess or move through mental gymnastics ... to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request." *Christenson*, 2011 WL 540278 at 10, *citing Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 623 (D. Kan., 2005). This Court, in *Christenson,* cited to *Cardenas,* which set forth several instances where courts held document requests overbroad and unduly burdensome on their faces, including where a request sought all documents "regarding" or "relating to" to a lawsuit and the eleven plaintiffs and their EEOC charges (*Aikens v. Deluxe Financial Services*, *Inc.*, 217 F.R.D. 533, 538 (D. Kan., 2003)); a request in a breach of contract suit that sought documents that referred or related to any alleged or actual breaches of the contract at issue, the plaintiff's reasons for breaching the contract, and communications between the defendant and any other person regarding termination of the contract (*W. Res. v. Union Pacific R.R.*, No. 00-2043-CM, 2001 WL 1718368, at *3 (D. Kan. 2001)); and where a request sought "all documents concerning plaintiff" (*Pulsecard, Inc. v. Discover Card Servs.,* No. 94-2304-EEO, 1996 WL 397567, at *6 (D. Kan.1996)). *Christenson*, 2011 WL 540278 at 11.

/ / /

/ / /

/ / /

Stevo's document requests are even more overbroad and burdensome on their face and seek documents that are not relevant by even the farthest stretch of the imagination. The following is just a sampling of Stevo's inappropriate requests[2]:

**REQUEST NO. 1**

Produce all Documents Relating to[3] Plaintiffs at any time from January 1, 2001 to the present date.

This request is indistinguishable from the requests found facially overbroad in *Aikens* and *Pulsecard* and is made more outrageous by the fact that the FAC does not allege a single act of infringement prior to 2010 and the earliest date of an alleged copyright registration is June 17, 2008. Yet Stevo asks this Court to compel SBR to sift through 951,645 threads and 10,518,582 posts to its website over ten years, and either guess or move through mental gymnastics to determine which of many posts may conceivably contain some detail, either obvious or hidden, within the scope of the request. This request is inappropriate, overbroad, burdensome and oppressive on its face, the request is not made in good faith and fails to describe with reasonable particularity the item or category of items to be inspected.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] Interestingly, despite Local Rule 26-7's requirement that "all motions to compel discovery or for protective order shall **set forth in full the text of the discovery originally sought and the response thereto**, if any," Stevo chose only to attach the discovery documents as Exhibits and not specifically address any one of their requests and the specific objections to each. Likely because Stevo realized just how excessively overbroad those requests are.

[3] Stevo's requests define "Relating to" as "referring to, concerning, regarding, constituting, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evidencing, arising out of, discussing or evaluating, directly or indirectly." (Ex. 2 to Plaintiff's Moving Papers, ¶ 29).

**REQUEST NO. 6**

Produce all Financial Documents[4] Relating to SBR[5] at any time from January 1, 2001 to the present date.

Here again, Stevo is seeking irrelevant documents from nine years prior to any alleged infringement. In addition, the term "Financial Documents" is defined so broadly, that this request could include a receipt for a coffee purchased by an SBR agent during the course of employment ten (10) years ago. This request is inappropriate, overbroad, burdensome and oppressive on its face, the request is not made in good faith and fails to describe with reasonable particularity the item or category of items to be inspected.

**REQUEST NO. 7**

Produce all Tax Documents[6] Relating to SBR at any time from January 1, 2001 to the present date.

Stevo provides no basis for production of any tax documents relating to SBR or its agents, let alone tax documents going back ten years. This request is inappropriate, overbroad,

/ / /

---

[4] Stevo defines "Financial Document" as "any Document with Content Relating to or referencing any financial activities, financial performance, profits, losses, monetary receipts and/or expenditures Published in an aggregated form, including, without limitation, accounting records, annual reports, balance sheets, banking statements, cash flow statements, depreciation records, distribution statements, earnings statements, Employee Compensation structure, executive Compensation structure, managerial Compensation structure, financial statements, income statements, journals Relating to financial transactions, profit-and-loss statements, records of financial transactions, reports on assets, revenue statements, statements of financial condition, summaries of capital expenditures and summaries of operating expenses."  (Ex. 2 to Plaintiff's Moving Papers, ¶ 15).

[5] Stevo defines "SBR" as "collectively or individually, SBR Marketing Ltd. and SBR Marketing Ltd.'s Agents, officers, directors, managers, representatives and/or individuals acting on SBR's behalf."  (Ex. 2 to Plaintiff's Moving Papers, ¶ 30).

[6] Stevo defines "Tax Documents" as "tax returns (whether state, federal, and/or foreign), United States federal forms W-2, United States federal forms W-4, United States federal forms 1099, United States federal forms 1065, and United States federal forms K-1 and all comparable state and/or foreign wage and/or tax reporting forms."  (Ex. 2 to Plaintiff's Moving Papers, ¶ 33).

burdensome and oppressive on its face, the request is not made in good faith and fails to describe with reasonable particularity the item or category of items to be inspected.

**REQUEST NOS. 11 and 12**

**REQUEST NO. 11**

Produce all Documents Relating to the valuation or appraisal of SBR's assets at any time from January 1, 2001 to the present date.

**REQUEST NO. 12**

Produce all Documents Relating to any Communication[7] Relating to the valuation or appraisal of SBR's assets at any time from January 1, 2001 to the present date.

Stevo offers no explanation for why a valuation of SBR's assets at any time, let alone over ten years ago, would be relevant to any claim in this case, or lead to the discovery of admissible evidence. This request is inappropriate, overbroad, burdensome and oppressive on its face, the request is not made in good faith and fails to describe with reasonable particularity the item or category of items to be inspected.

**REQUEST NOS. 13 through 20**

**REQUEST NO. 13**

Produce all Documents Relating to marketing and/or advertising Content[8] Relating to SBR at any time from January 1, 2001 to the present date.

/ / /

/ / /

/ / /

---

[7] Stevo defines "Communication" as "any Document or oral Content Published through any Media, including, without limitation, any inquiry, representation, discussion, conversation, agreement, understanding, meeting, memorandum, letter, note, telegram, advertisement, or interview." (Ex. 2 to Plaintiff's Moving Papers, ¶ 5).

[8] Stevo defines "Content" as "all material, information, matter, text, software, data, graphics, computer-generated displays and interfaces, images, and works of any nature, including, without limitation, all compilations of the foregoing and all results and/or derivations of the expression of the foregoing." (Ex. 2 to Plaintiff's Moving Papers, ¶ 7).

**REQUEST NO. 14**

Produce all Documents Relating to Gaming[9] Relating to SBR at any time from January 1, 2001 to the present date.

**REQUEST NO. 15**

Produce all Documents Relating to Content Published on SBR's Websites[10] at any time from January 1, 2001 to the present date Relating to Gaming.

**REQUEST NO. 16**

Produce all Documents Relating to Content Published on SBR's Websites at any time from January 1, 2001 to the present date.

**REQUEST NO. 17**

Produce all Documents Relating to Foreign Content[11] Published on SBR's Websites at any time from January 1, 2001 to the present date.

**REQUEST NO. 18**

Produce all Contracts Relating to any Person who Published[12] Content on SBR's Websites.

/ / /

/ / /

---

[9] Stevo defines "Gaming" as "gaming, gambling, wagering, handicapping, betting, or staking." (Ex. 2 to Plaintiff's Moving Papers, ¶ 17).

[10] Stevo defines "SBR's Websites" as "the World Wide Web domain <sbrforum.com> and all content Published at or otherwise reposed therein, and any other World Wide Web domain related to or affiliated with SBR and all Content published at or otherwise reposed therein." (Ex. 2 to Plaintiff's Moving Papers, ¶ 31).

[11] Stevo defines "Foreign Content" as "any Content not originally authored by SBR or an SBR employee." (Ex. 2 to Plaintiff's Moving Papers, ¶ 16).

[12] Stevo defines "Publish" as "to make known or otherwise disclose, display, present, communicate, convey, or transfer, whether to one Person or more than one Person, and whether or not for the first time. Stevo defines "Person" as any individual, corporation, partnership, limited partnership, limited-liability partnership, limited-liability company, trust, association, organization or any form of entity whatsoever." (Ex. 2 to Plaintiff's Moving Papers, ¶ 27).

**REQUEST NO. 19**

Produce all Contracts Relating to any Person who Published Foreign Content on SBR's Websites.

**REQUEST NO. 20**

Produce all Documents Relating to any Person who Published Foreign Content on SBR's Websites at any time from January 1, 2001 to the present date.

These requests are inappropriate, overbroad, burdensome and oppressive on their face, not made in good faith and fail to describe with reasonable particularity the item or category of items to be inspected. These requests seek production of, at a minimum, all 951,645 threads and 10,518,582 posts to SBR's website and all documents relating to each and every one of the 181,612 members of SBRforum.com and possibly each and every document relating to SBR's presence anywhere on the web, including third party sites. The staggering overbreadth of these requests demonstrates that all of Stevo's document requests are made not in a good faith attempt to gather relevant evidence, but for the inappropriate purpose of harassing and oppressing SBR. SBR looks forward to Stevo's explanation of how the documents sought by these requests are relevant to their claims in any way shape or form.

Stevo's motion attempts to write-off SBR's thoughtful objections as mere boilerplate. However, SBR was forced to set forth and preserve *all* possible objections, precisely because the document requests are so astoundingly overbroad. Stevo's document requests are not limited in any reasonable manner and it is highly likely that some of the millions of pieces of information requested will be either available from some other less burdensome source, privileged, private, protected as a trade secret, already in Stevo's possession, constitute trade secrets, not relevant or contractually prohibited from disclosure. The only way to determine which documents are subject to which objection is for SBR sift through millions of pieces of information and guess or move through mental gymnastics to determine which of those millions of pieces of information may conceivably contain some detail, either obvious or hidden, within the scope of the request. This is entirely inappropriate under the Rules of Civil Procedure. Stevo's requests are

burdensome, harassing and oppressive in the extreme and this Court should deny Stevo's motion in its entirety.

**B.     SBR HAS MADE PROPER AND TIMELY INITIAL DISCLOSURES AND STEVO FAILED TO DO THE SAME.**

SBR's disclosures were proper and timely served.  Federal Rule of Civil Procedure Rule 26 (a)(1)(A)(ii) requires that "except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties. . . a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.  The parties must make said disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan.

On October 19, 2011, fourteen days after the parties' Rule 26(f) conference, SBR timely served Stevo by U.S. Mail with SBR's initial disclosures.  (*See* Plaintiff's Moving Papers, Ex. 1; Hardacre Decl., ¶ 8).  Because SBR had a pending motion to dismiss the entire case for lack of standing and failure to state a claim and, therefore, had yet to formulate or allege any claims or defenses in this matter, SBR did not identify any categories of documents, but "reserved the right to supplement its response if and when SBR files an answer and to add any documents disclosed in future discovery or investigation and to use documents produced or listed by any other party in this matter."  (Plaintiff's Moving Papers, Ex. 1).  Stevo did not utter a word regarding the initial disclosures until January 8, 2012, one day prior to filing the instant motion.  (Hardacre Decl., ¶ 9).

It is ironic that Stevo would complain about a lack of identification of documents on SBR's part, given the fact that Stevo's served its initial disclosures 40 days late (Hardacre Decl., ¶ 10) and failed to identify or produce a single document to support its claims, which had been

1 meticulously set forth in its lengthy complaint. (Hardacre Decl., ¶ 10). Instead, Stevo chose to
2 vaguely state that it had in its possession or control, 1) "[d]ocuments relating to Stevo's claims
3 and damages;" 2) "[d]ocuments relating to Mr. Budin's claims and damages;" and 3) "documents
4 relating to Mr. Rolli 's claims and damages." (Hardacre Decl., Ex. D). These abstruse
5 descriptions are of no utility and exactly the same as no response whatsoever.

6       This Court should deny Stevo's motion to compel initial disclosures and requests for
7 sanctions.

**C.  STEVO'S REFERNCE TO DEPOSITION ISSUES IS PREMATURE AND IRRELEVANT.**

10       Stevo has not noticed any depositions in this matter and any reference to the issues
11 surrounding the meet and confer issues regarding scheduling is premature and irrelevant to this
12 motion. That being said, both sides agree that the depositions of SBR will take place on foreign
13 soil and will likely be very costly. (Hardacre Decl., ¶ 14). It is SBR's position that the taking of
14 costly and burdensome depositions should be tabled until a ruling on SBR's dispositive motion.
15 It makes little sense to expend the resources necessary to take foreign depositions at his point. If
16 depositions are taken and the Court then rules in SBR's favor on its motion to dismiss, then SBR
17 will have unnecessarily endured the burden and expense of foreign depositions in a case that
18 Stevo had no standing to bring. If the depositions are taken and the Court then rules against
19 SBR, and SBR files an answer and counterclaim, then further depositions will become necessary
20 given the significantly altered scope of the pleadings. Why take two costly foreign depositions?
21 Why not wait until the pleadings are set so that only one set of depositions need be taken? This
22 Court should disregard Stevo's arguments regarding the depositions as irrelevant and premature.

## IV.   CONCLUSION

24       Stevo has no standing and the document requests are patently unreasonable. Stevo failed
25 to withdraw or alter a single one of its seventy (70) overbroad, burdensome and oppressive
26 requests for production and is now seeking to compel the production *in toto*. Stevo's discovery
27 requests do not represent a good faith effort to gather admissible evidence and Stevo is not

entitled to sanctions of any kind.  For all the foregoing reasons, SBR respectfully requests that this Court deny Stevo's motion in its entirety.

                                                  Respectfully submitted,

DATED:  January 26, 2012           THE KAUFMAN LAW GROUP

                                                  By:_____/s/_____
                                                     Gary Jay Kaufman
                                                     Attorneys for Defendant
                                                     SBR Marketing, Ltd.

**CERTICATE OF SERVICE**

Pursuant to Local Rule 5-1 of this Court, I hereby certify that on January 26, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Brian Daniele
7002 Braddock Mews Place
Springfield, Virginia 22151

                                                s/Colin Hardacre