UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVO DESIGN, INC.; et al. | |
| Plaintiffs, | 2:11-CV-0304-LRH-CWH |
| v. | |
| SBR MARKETING LTD.; et al., | ORDER |
| Defendants. | |

Before the court is defendant SBR Marketing Ltd.'s ("SBR") motion to dismiss for lack of subject matter jurisdiction. Doc. #26.[1] Plaintiff Stevo Design, Inc. ("Stevo") filed an opposition to the motion (Doc. #31) to which SBR replied (Doc. #32).

**I.    Facts and Procedural History**

Plaintiff Stevo is a Florida corporation with its principal place of business in Florida. Stevo is in the business of selling, on pay-per-view and subscription bases, licenses to access electronically-distributed sports betting reports which include compiled sports handicapping information.

Defendant SBR is a foreign corporation with its principal place of business in Costa Rica. SBR operates a website, www.sbrforum.com, which publishes sports betting and handicapping

---

[1] Refers to the court's docket number.

information. SBR also operates a bulletin board allowing users to read related articles and send relevant sports betting information messages to other users, and upload and contribute relevant articles.

On February 24, 2011, Stevo filed a complaint against SBR for service mark infringement in violation of the Lanham Trademark Act of 1946 ("the Lanham Act"), 15 U.S.C. § 1114; copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101; and several state law violations. Doc. #1. In its complaint, Stevo alleges that SBR and its users have uploaded and published various handicapping reports created by Stevo without having obtained a license. Stevo filed an amended complaint on April 6, 2011. Doc. #7. Thereafter, SBR filed the present motion to dismiss for lack of subject matter jurisdiction. Doc. #26.

## II.     Discussion

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a factual challenge or as a facial challenge. *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the

1  challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal
2  jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
3  　　　Here, SBR facially challenges the allegations in Stevo's complaint and argues that they are
4  insufficient on their face to invoke federal subject matter jurisdiction.
5  　　　**A. Federal Question Jurisdiction**
6  　　　An action may be brought in federal court if the action arises under federal law.
7  28 U.S.C. § 1331. A case arises under federal law if the complaint establishes either that federal
8  law created the cause of action, or that the plaintiff's right to relief "requires resolution of a
9  substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust*
10 *for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).
11 Here, Stevo argues that the court has subject matter jurisdiction over this action because its
12 complaint alleges several federal causes of action arising under the Lanham Act and the Copyright
13 Act. *See* Doc. #7.
14 　　　The court has reviewed the documents and pleadings on file in this matter and finds that the
15 underlying federal claims are insufficient to establish federal question jurisdiction. Neither the
16 Copyright Act, nor the Lanham Act cover infringement of copyrights or service marks that occurred
17 entirely outside the United States. *See Subafilms, Ltd. v. MGM-Pathe Communications Co.*, 24 F.3d
18 1088, 1096-98 (9th Cir. 1994) (holding that the Copyright Act does not provide jurisdiction for
19 claims where the infringing acts took place outside of the United States); *Ocean Garden, Inc. v.*
20 *Markettrade Co.*, 953 F.3d 500 (9th Cir. 1991) (holding that there must be a substantial connection
21 between the parties involved in the alleged infringement and the United States for the Lanham Act
22 to cover the alleged infringement). As alleged in the complaint, all infringement took place on
23 SBR's website operated entirely from Costa Rica. There are no allegations of any direct
24 infringement within the United States. Further, Stevo has failed to identify a single user of SBR's
25 website that lives in the United States and uploaded the handicap reports. Rather, Stevo's complaint
26

3

focuses on the effects of the alleged infringement and its impact in the United States. *See* Doc. #7. However, such allegations are insufficient to constitute a claim under either the Copyright Act or the Lanham Act. Accordingly, the court cannot exercise federal question jurisdiction over the complaint, and shall grant SBR's motion to dismiss.

IT IS THEREFORE ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. #26) is GRANTED. Plaintiff's amended complaint (Doc. #7) is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 13th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4