1
2
3
4
5
6

Gary Jay Kaufman, Esq. (*Admitted Pro Hac Vice*)
gary@kaufmanlawgroupla.com
Colin Hardacre, Esq.      (*Admitted Pro Hac Vice*)
colin@kaufmanlawgroupla.com
THE KAUFMAN LAW GROUP
1901 Avenue of the Stars, Suite 1010
Los Angeles, California 90067
Telephone:  (310) 286-2202
Facsimile:   (310) 712-0023

7
8
9
10

Chad Bowers (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

11
12

Attorneys for Defendant,
SBR Marketing, Ltd.

13
14
15

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

16
17
18
19
20
21
22
23

STEVO DESIGN, INC., a Florida corporation;
STEVEN BUDIN, an individual; and ALAN
ROLLI, an individual,

            Plaintiffs,

     v.

SBR MARKETING LTD., a foreign corporation;
and BRIAN DANIELE, an individual,

            Defendants.

Case No. 2:11-cv-00304


**SBR MARKETING, LTD.'S OPPOSITION
TO PLAINTIFFS' MOTION TO ALTER
OR AMEND JUDGMENT UNDER
FED.R.CIV.P. 59(e)**

24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Stevo Design, Inc.'s ("Stevo") motion for reconsideration presents no new evidence, no change in the controlling law and absolutely fails to establish any error whatsoever by this Court.  After dismissing a Florida State court action on the eve of SBR Marketing, Ltd's ("SBR") dispositive motion, Stevo manufactured copyright claims in an attempt to secure jurisdiction in Nevada, where the only connection to the forum was Stevo's attorneys' offices. This Court dismissed Stevo's federal claims and Stevo now seeks yet another bite at the apple. However, this Court correctly dismissed the First Amended Complaint ("FAC") for lack of subject matter jurisdiction and there is no basis whatsoever to reconsider that sound ruling.

This Court based its ruling upon controlling authority in this district and upon the lack of factual allegations sufficient to establish subject matter jurisdiction over Stevo's claims.  Stevo, on the other hand, asks this Court to reconsider its ruling based upon the same arguments made in its opposition to Defendant's motion to dismiss (Docket # 31, "Opposition"), new and clearly incorrect legal arguments made for the first time in this motion, and cases without binding authority in this jurisdiction.

### II.   ARGUMENT

**A.   STANDARD FOR A MOTION FOR RECONSIDERATION**

Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. (Or.), 1993).  This Court has discretion to disregard legal arguments made for the first time on a motion to amend.  *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 -741 (9th Cir. (Cal.), 2001); *see also Bogosian v. Woloohojian Realty Corp.* 323 F.3d 55, 72 (1st Cir. 2003) ("[A] motion under Rule 59(e) [to alter and amend a judgment] is not appropriately used to present new issues or evidence: 'Rule 59(e) motions are aimed at re consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e)

must either clearly establish a manifest error of law or must present newly discovered evidence. They may not be used to argue a new legal theory.'" *Quoting Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir.1994)).

Stevo does not set forth any newly discovered evidence and does not claim that there has been any intervening change in the controlling law. Instead Stevo argues that this Court committed clear error in granting SBR's motion to dismiss based upon lack of subject matter jurisdiction. However, Stevo presents essentially the same arguments as in the Opposition and submits new legal arguments and cases not advanced in the Opposition, without any explanation as to why those arguments were initially omitted. Essentially, Stevo is impermissibly seeking another bite at the apple and this Court should disregard Stevo's new arguments and deny the motion in its entirety.

**B.    THIS COURT DID NOT ERR IN DETERMINING THAT EXTRATERRITORIALITY IS A PROPER SUBJECT FOR SUBJECT MATTER JURISDICTION.**

This Court should disregard Stevo's claim that extraterritoriality is not a proper basis for determining subject matter jurisdiction over Stevo's copyright claims. Stevo failed to make this argument in the Opposition and does not provide any justification for that omission. Furthermore, even if this Court were to consider that argument, the case cited by Stevo, *Litecubes, LLC v. Northern Light Products, Inc.,* 523 F.3d 1353 (Fed.Cir. 2008) is not binding in this jurisdiction and, importantly, because Stevo did not present this case to the Court in the Opposition, there can be no clear error in failing to consider its application to the case at bar.

**C.    THE EXERCISE OF SUPPLEMENTAL JURISDICTION OVER STEVO'S STATE LAW CLAIMS AGAINST SBR WOULD BE INAPPROPRIATE.**

Stevo's argument that this Court should exercise supplemental jurisdiction over its state law claims against Defendant is clearly incorrect and was not presented in the Opposition. This Court determined that it did not have subject matter jurisdiction over Stevo's federal question claims against Defendant. (Order Granting Motion to Dismiss, Docket # 45, "Order"). Therefore, the Court does not have discretion to exercise supplemental jurisdiction over Stevo's

state law claims against Defendant.  *Scott v. Pasadena Unified School Dist.*, 306 F.3d 646, 664 (C.A.9 (Cal.), 2002) (Holding that where federal constitutional claim was dismissed for lack of standing, thus determining that the court lacked subject matter jurisdiction, the court had no authority to retain supplemental jurisdiction over plaintiff's state law claims.  *Citing* 28 U.S.C. § 1367(a); *see Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir.2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

Even if this Court were to retain federal question jurisdiction over Stevo's claims against Brian Daniele, that would not provide a basis to exercise supplemental jurisdiction over claims against SBR because 1) Stevo's state claims against SBR are not, contrary to Stevo's claim, related to Stevo's alleged copyright and trademark claims against Daniele and 2) even assuming that the claims are sufficiently related, Stevo's state law claims against SBR would substantially predominate over any federal question claims against Daniele.

Pursuant to 28 U.S.C. § 1367(a), where a federal district court has original jurisdiction, the court also may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  This supplemental jurisdiction includes claims involving the joinder of additional parties.  28 U.S.C. § 1367(a).  A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together. *Bahrampour v. Lampert,* 356 F.3d 969, 978 (9th Cir. 2004) (quotation omitted).

This Court may decline to exercise supplemental jurisdiction if "1) the claim raises a novel or complex issues of State law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction; or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).  Should one of these factors be present, the court considers whether continuing to exercise supplemental jurisdiction

promotes economy, convenience, fairness and comity.  *Acri v. Varian Assocs., Inc.* 114 F.3d999, 1001 (9th Cir. 2008).  Whether to decline the exercise of supplemental jurisdiction under § 1367(c) lies within the federal district court's discretion.  *Satey v. JPMorgan Chase & Co.,* 521 F.3d 1087, 1090 (9th Cir. 2008).

>    1.    **This Court May Not Exercise Supplemental Jurisdiction Over Stevo's State Law Claims Against SBR.**

First, Stevo's purported state law claims against SBR and federal claims against Daniele are not part of the same case or controversy, as they do not share a common nucleus of facts and would not normally be tried together.  The actual allegations of the FAC, as opposed to Stevo's self-serving interpretation as set forth in the instant motion, contain no factual, non-conclusory, allegations that Daniele posted any of the alleged copyrighted material on SBR's website.  (FAC, ¶¶ 231-236).  All of the factual, as opposed to conclusory, allegations involve Daniele posting content to the RX Forum, a website unrelated to SBR.  Furthermore, Stevo's purported Florida state law claims against SBR (Misappropriation of Trade Secrets, Misappropriation of Licensable Commercial Property, Contributory Misappropriation of Licensable Commercial Property, Civil Theft and Tortious Interference with Contractual Relations) do not involve any allegations that relate to Mr. Daniele.  Therefore, supplemental jurisdiction over Stevo's state law claims against SBR is not appropriate in this case.

>    2.    **Even If Applicable, This Court Should Decline To Exercise Supplemental Jurisdiction Over Stevo's State Law Claims Against SBR.**

Even if this Court were to find that Stevo's purported state law claims against SBR and federal claims against Daniele are part of the same case or controversy, this Court should decline to exercise supplemental jurisdiction over Stevo's Florida state law claims.  First, exercising supplemental jurisdiction over Stevo's state law claims against SBR will raise complex issues of state law because this Court, sitting in Las Vegas, Nevada and the 9th Circuit, will be required to apply and interpret Florida statutory and common law.  Moreover, Stevo's Florida state law claims against SBR substantially predominate over Stevo's federal claims against Daniele.  Stevo's state law claims against SBR are all based upon the same set of facts that allegedly

1   support Stevo's dismissed federal claims against SBR, namely, that SBR encouraged its users to

2   post copyrighted material to SBR's website.  Those allegations constitute roughly 830

3   paragraphs of Stevo's 1084 complaint.  Finally, this Court has dismissed all of Stevo's federal

4   claims against SBR and given that Stevo's purported federal claims against Daniele do not

5   involve any factual allegations that Daniele posted material to SBR's website, it would be unfair

6   and a waste of judicial resources to force SBR to litigate Florida state law claims in a Nevada

7   federal court that has no original jurisdiction over SBR, especially where Stevo has already

8   dismissed its Florida claims in an earlier filed suit in Florida State court.  Therefore, this Court

9   should exercise its sound discretion to decline to exercise supplemental jurisdiction over Stevo's

10  state law claims against SBR.

11  **D.      THIS COURT DID NOT ERR IN DISMISSING STEVO'S COPYRIGHT AND**

12  **          TRADEMARK CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION.**

13          Stevo seeks yet another bite at the apple by making the same arguments that it made in

14  the Opposition.  As in the Opposition, Stevo cites to *Righthaven, LLC v. Majorwager.com, Inc.,*

15  Not Reported in F.Supp.2d, 2010 WL 4386499 (D.Nev.) as support for its position.  However, as

16  the Court no doubt concluded, *Majorwager* is not controlling and the court examined the

17  extraterritoriality issue in light of a motion to dismiss for failure to state a claim pursuant to Rule

18  12(b)(6), not, as here, in light of a motion to dismiss for lack of subject matter jurisdiction.  In

19  addition, *Majorwager* is distinguishable as it involved a question of fact as to whether the alleged

20  poster of the infringing material was a mere user of the site or an employee of Majorwager.com.

21  2010 WL 4386499 at 1.  Here, despite Stevo's attempt to characterize the facts of the FAC

22  otherwise, there are no allegations that any alleged poster of copyrighted material to SBR's

23  website was also an employee or agent of SBR.

24          Stevo once again argues that its allegations of contributory and vicarious infringement are

25  sufficient to demonstrate direct infringement in the United States based upon a personal

26  jurisdictional analysis.  Stevo is, once again, wrong.  As aptly pointed out in the Opposition, and

27  reiterated in the instant motion, the FAC focuses on the supposed ***effects*** of the alleged

28  infringement in the United States.  Such allegations are insufficient to confer subject matter

1    jurisdiction for any of Stevo's claims, be they allegations of direct, or vicarious, trademark or

2    copyright infringement.  To the extent that Stevo cites authority that it did not, for whatever

3    reason, include in the Opposition, this Court should disregard those cases.  Furthermore, even if

4    this Court were to consider Stevo's omitted authority, those cases are not on point as they all

5    involve a personal jurisdiction analysis.  *See Stevo's omitted cases: Mavrix Photo, Inc. v. Brand*

6    *Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *Brayton Purcell LLP v. Recordon &*

7    *Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010); *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir.

8    1990); *Myers v. The Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001).

9            In addition, this Court did not err in relying on *Subafilms, Ltd. v. MGM-Pathe*

10   *Communications Co.*, 24 F.3d 1088, 1096-98 (9th Cir. 1994) and *Ocean Garden, Inc. v.*

11   *Markettrade Co.*, 953 F.2d 500 (9th Cir. 1991) in dismissing Stevo's federal claims against SBR.

12   Contrary to Stevo's claim, *Subafilms* has not been overruled and is still controlling law in this

13   district on the issue of extraterritoriality and subject matter jurisdiction over copyright and

14   trademark claims.  Stevo is also incorrect in arguing that *Subafilms* is distinguishable from the

15   facts as alleged in the FAC.  There is not one allegation in the FAC that anyone in the United

16   States posted Stevo's copyrighted material to an SBR website.

17           Finally, the *Ocean Garden* case does not support Stevo because, as argued in SBR's

18   motion to dismiss, *Ocean Garden* involved a defendant that was a domestic, California

19   corporation, despite the fact that the infringing products were produced and distributed outside

20   the U.S.  The same cannot be said of SBR.  Allegations concerning SBR's operations are

21   contained in paragraph 5 of the FAC, which acknowledge that SBR is a foreign corporation with

22   its principal place of business in Costa Rica.   Accordingly, there was no reason for this Court to

23   engage in an analysis under *Timberlane Lumber Co. v. Bank of America National Trust &*

24   *Savings Ass'n*, 549 F.2d 597 (9th Cir. 1976).  Furthermore, Stevo did not present this argument

25   in the Opposition and this Court should disregard that argument.

26                                   **III.   CONCLUSION**

27           No matter how strenuously Stevo argues, it cannot change the fact that the First Amended

28   Complaint ("FAC") does not contain a single allegation that SBR or the users of its bulletin

1   board service committed any act of infringement within the United States.  Therefore, this Court

2   did not commit clear error in dismissing Stevo's copyright and trademark claims for lack of

3   subject matter jurisdiction.

4

5                                        Respectfully submitted,

6   DATED:  April 20, 2012                THE KAUFMAN LAW GROUP

7

8                                  By:_____/s/_____

9                                      Gary Jay Kaufman
                                       Attorneys for Defendant
10                                     SBR Marketing, Ltd.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTICATE OF SERVICE**

Pursuant to Local Rule 5-1 of this Court, I hereby certify that on April 20, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Brian Daniele
7002 Braddock Mews Place
Springfield, Virginia 22151

s/Colin Hardacre