STEVEN A. GIBSON
Nevada Bar No. 6656
sgibson@dickinsonwright.com
JODI DONETTA LOWRY
Nevada Bar No. 7798
jdlowry@dickinsonwright.com

DICKINSON WRIGHT PLLC
City Center West
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Telephone (702) 541-7888
Facsimile (702) 541-7899

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVO DESIGN, INC., a Florida corporation; STEVEN BUDIN, an individual; and ALAN ROLLI, an individual,<br><br>　　　　　Plaintiffs,<br>v.<br><br>SBR MARKETING LTD., a foreign corporation; and BRIAN DANIELE, an individual,<br>　　　　　Defendants. | CASE NO.: 2:11-CV-00304-LRH-CWH<br><br>**REPLY TO SBR MARKETING, LTD.'S OPPOSITION (Doc. No. 50) TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT UNDER FED.R.CIV.P. 59(e) (Doc. No. 49)** |

　　　　Plaintiffs Stevo Design, Inc. ("Stevo"), Steven Budin and Alan Rolli (collectively "Plaintiffs") reply to Defendant SBR Marketing, Ltd.'s ("SBR Marketing's") Opposition (Doc. No. 50) to Plaintiffs' Motion to Alter or Amend Judgment ("Plaintiffs' Motion"; Doc. No. 49).

　　　　This Reply is based on the Memorandum of Points and Authorities incorporated herein, on the pleadings and papers already of record in this matter, and on any other matter this Court wishes to take into consideration.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

SBR Marketing does not dispute that "clear error" is an appropriate basis for a motion under Fed.R.Civ.P. 59(e).  Further, the sheer absence of any contest by SBR Marketing to Plaintiffs' argument that this Court committed "clear error" in dismissing Plaintiffs' claims against Defendant Mr. Daniele is highly informative with respect to the existence of such clear error in this regard. [1]  SBR Marketing's Opposition otherwise takes three baseless, untenable positions:  first, that Stevo's federal claims against Mr. Daniele do not "share[] a common nucleus of operative fact" with any of Stevo's state claims against SBR Marketing, which is simply false; second, that Stevo's state-law-based claims against SBR Marketing would somehow predominate over Stevo's federal claims against Mr. Daniele in a manner warranting this Court's declining to exercise supplemental jurisdiction over same; and, third, that SBR Marketing has no further need to respond to Plaintiffs' Motion because Plaintiffs *cited cases* in Plaintiffs' Motion that Plaintiffs did not cite in Plaintiffs' Opposition to SBR Marketing's Motion to Dismiss ("Plaintiffs' Opposition").  With respect to the first position, as a matter of fact, Stevo's claims against Mr. Daniele do set forth a "common nucleus of operative fact" with Stevo's state claims against SBR Marketing, as is clearly evident in paragraphs 231-236 of Stevo's First Amended Complaint, in which Stevo alleges that Mr. Daniele copied Stevo's copyrighted material on SBR Marketing's website.  With respect to the second position, Stevo's federal claims against Mr. Daniele and state-law-based claims against SBR Marketing arise from the same "common nucleus of operative fact" and do not otherwise warrant this Court's denial of supplemental jurisdiction based on "novel or complex" issues of state law.  Finally, with respect to the third position, no authority supports SBR Marketing's absurd proposition that for a *case* to be *citable* in a Motion for Leave to Alter or Amend Judgment, that *case* must have been cited in the initial moving papers.   While new *issues* are not appropriately raised in a Fed.R.Civ.P. 59(e) motion, Plaintiffs have argued only issues that were raised in Plaintiffs' Opposition or by this

---

[1] Stevo suspects that this error may ultimately have been bureaucratic in nature, *i.e.,* the result of a misinterpretation of this Court's Order by the clerk's office.

Court in this Court's Order. SBR Marketing's ensuing refusal to grapple with the issues raised by SBR Marketing in the contexts of *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 511 (2006) and of *Timberline Lumber Co. v. Bank of America Nat'l Trust & Savings Ass'n,* 549 F.2d 597 (9th Cir. 1976) ("*Timberline I*") demonstrates the fundamental lack of logical underpinning of SBR Marketing's positions with respect to Plaintiffs' Motion.

## II.     ARGUMENT

### A.     SBR Marketing Agrees That "Clear Error" Is An Appropriate Basis For A Motion Under Fed.R.Civ.P. 59(e).

SBR Marketing does not dispute Plaintiffs' proposition that a court's "clear error" constitutes an appropriate basis for a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e). Doc. No. 50 at 2:19-21. This Court has likewise recognized that "the need to correct clear error or to prevent manifest injustice" constitutes such an appropriate basis for a motion for reconsideration. *In re Radica Games Ltd. Sec. Limitation* (*sic*), 1996 U.S. Dist. LEXIS 22833 (D. Nev. 1996) ("*Radica Games*"). Plaintiffs' Motion is expressly based on allegations that this this Court committed clear error by: (a) dismissing Plaintiffs' claims against Mr. Daniele along with Stevo's claims against SBR Marketing, (b) failing to recognize that the Daniele Federal Claims (as defined in Plaintiffs' Motion) warrant this Court's exercise of supplemental jurisdiction over SBR Marketing, (c) treating the perceived "extraterritoriality" of SBR Marketing's copyright violations as vitiating the Court's subject matter jurisdiction in the face of controlling Supreme Court of the United States authority regarding this issue, (d) concluding that Plaintiffs did not adequately allege direct infringement within the United States, and (e) inappropriately relying on *Subafilms, Ltd. v. MGM-Pathé Communications Co.,* 24 F.3d 1088 (9th Cir. 1994) and *Ocean Garden, Inc. v. Marktrade Co., Inc.,* 953 F.2d 500 (9th Cir. 1991) to conclude that "extraterritoriality" barred both Stevo's Copyright Act and Lanham Act claims. Doc. No. 49 at 2:5-16. To the extent that any of SBR Marketing's Opposition is premised on Plaintiffs having putatively failed to indicate a basis for Plaintiffs' Motion, it is entirely unclear how SBR Marketing believes such an argument is viable.

B. **Mr. Daniele, And SBR Marketing Via Supplemental Jurisdiction, Are Clearly Before This Court.**

1. **SBR Marketing Does Not Contest That Stevo's Claims Against Mr. Daniele Should Not Have Been Dismissed.**

SBR Marketing further does not contest at all that this Court's dismissal of Plaintiffs' claims against Mr. Daniele constituted "clear error." Per LR 7-2(d), SBR Marketing's non-opposition of Plaintiffs' Motion on this basis effectively constitutes SBR Marketing's consent to the granting of Plaintiffs' Motion insofar as Plaintiffs' Motion relates to Plaintiffs' claims against Mr. Daniele (who does not appear to have filed any response to Plaintiffs' Motion with the Court and has not communicated in any manner with Plaintiffs regarding same).

2. **The Daniele Federal Causes Of Action Provide An Appropriate Basis For This Court's Exercise Of Supplemental Jurisdiction Over SBR Marketing.**

The Daniele Federal Causes of Action have a clear common nucleus of operative fact with the SBR Marketing State Causes of Action, in that the Daniele Federal Causes of Action involve Mr. Daniele's unauthorized republication of Stevo's copyrighted content on SBR Marketing's website. Paragraph 189 of Stevo's First Amended Complaint clearly alleges that "Under the username 'PepperMillRick,' Mr. Daniele contributed content to the SBR Website (the 'Daniele SBR Contributions') that included, without limitation… (b) unauthorized republications of Stevo's copyrighted material." Paragraph 915 of Stevo's First Amended Complaint similarly alleges that "Mr. Daniele intentionally induced and encouraged SBR to engage in infringement of Stevo's copyrights, by causing SBR to reproduce, display, distribute copies of, and prepare derivative works based on Handicapper Reports, in derogation of Stevo's exclusive rights under 17 U.S.C. § 106." These allegations, as presented in Plaintiffs' Motion, go completely ignored in SBR Marketing's Opposition, which instead makes inexplicable allusions to other claims by Plaintiffs against Mr. Daniele. SBR Marketing's position that the Daniele Federal Causes of Action are so unrelated to Stevo's federal and state-law-based causes of action against SBR Marketing as to provide no basis for supplemental jurisdiction is, frankly,

incomprehensible.  SBR Marketing takes the inexplicable position that "[t]he actual allegations of the [First Amended Complaint], as opposed to Stevo's self-serving interpretation as set forth in the instant motion, contain no factual, non-conclusory, allegations that Daniele posted any of the alleged copyrighted material on SBR's website," Doc. No. 50 at 9:11, which SBR Marketing does not explain in any further detail.  This argument ignores Plaintiffs' clear notice pleading of the facts Plaintiffs allege confer liability on both Mr. Daniele and on SBR Marketing and in no way vitiates the existence of a "common nucleus of operative fact" between the Daniele Federal Causes of Action and the SBR State-Based Causes of Action.  It is difficult to imagine a clearer demonstration of a "common nucleus of operative fact" between Plaintiffs' claims against Mr. Daniele and Plaintiffs' claims against SBR Marketing:  Mr. Daniele infringed Stevo's copyrights, and engaged in contributory infringement of those copyrights by inducing and encouraging SBR Marketing to engage in *the same infringements*.  Under comparable facts, multiple courts have held that a "common nucleus of operative fact" exists.  *See, e.g., Singh v. Haas,* case no. 2:09cv386, 2010 U.S. Dist. LEXIS 37088, *18 (E.D. Va. March 30, 2010) (federal copyright infringement claim warranted exercise of jurisdiction over state libel and tortious interference with contractual relationship claims, based on "common nucleus of operative fact," when "Singh's allegations all arise from Haas's claims in written communications to Singh's various business partners that Singh had infringed upon Haas's copyrighted work"); *Schuchart & Associates, Prof. Engineers, Inc. v. Solo Serve Corp.,* 1983 U.S. Dist. LEXIS 15936, *62-*63, 220 U.S.P.Q. 170 (W.D. Tex. 1983) ("*Schuchart*") (federal copyright infringement claim warranted exercise of jurisdiction over state unjust enrichment claim, based on "common nucleus of operative fact"; "Plaintiffs' claim of unjust enrichment is based upon the time allegedly saved and the money allegedly earned by the infringement of Plaintiffs' copyrighted plans… by the Defendants.  ***These acts of copying also form the basis of the federal copyright infringement claim.***" [emphasis supplied]); *see also Airframe Systems, Inc. v. Raytheon Co.,* 601 F.3d 9, 14-15 (1st Cir. 2010) ("*Airframe*") (in context of claim preclusion, "[t]he relevant question remains whether Airframe's claims of infringing possession… and infringing use share a common nucleus of operative facts.  Airframe's claims

of infringement through possession and infringement through the use of its source code clearly *arise from the same common core of facts in the same timeframe*." [emphasis supplied]); compare *Highway Equipment Co., Inc. v. FECO, Ltd.,* 469 F.3d 1027, 1038-1039 (Fed. Cir. 2006) (no "common nucleus of operative fact" when state law claims involved "the alleged wrongful termination of a dealership agreement between the parties" and federal claims involved a patent issued "months after the dealership agreement was terminated"). In this case, as in *Schuchart,* Plaintiffs' state-law-based claims against SBR Marketing arise out of the same conduct giving rise to at least one of the Daniele Federal Causes of Action: reproducing, displaying, distributing copies of, and preparing derivative works based on Stevo's copyrighted material. Similarly, as in *Airframe,* all of Plaintiffs' claims against SBR Marketing, including without limitation those claims that involve simultaneous conduct by Mr. Daniele, "arise from the same common core of facts in the same timeframe"—specifically, SBR Marketing's solicitation and republication of infringing content from contributors from 2009 through the time of filing of Stevo's Complaint—as Plaintiffs' claims against Mr. Daniele that implicate SBR Marketing. While Plaintiffs have pled additional causes of action against Mr. Daniele that do not involve SBR Marketing, virtually all of Plaintiffs' state-law-based claims against SBR Marketing involve exactly the same conduct on SBR Marketing's part as alleged in the Daniele Federal Cause of Action that does involve SBR Marketing: reproduction, display, distribution, and preparation of derivative works based on Stevo's intellectual property. This "common nucleus of operative fact" could scarcely be more apparent.

### 3. A Finding Of Supplemental Jurisdiction Over SBR Marketing Based On This Court's Finding Of Jurisdiction Over Mr. Daniele Would Be Appropriate.

This Court can appropriately exercise supplemental jurisdiction over Plaintiffs' state-law-based claims against SBR Marketing based on this Court's finding of subject matter jurisdiction over the Daniele Federal Causes of Action, and SBR Marketing's contentions to the contrary are legally unfounded. SBR Marketing's cases specifically fail to address the situation at bar in which a plaintiff urges a court to exercise supplemental jurisdiction based on primary jurisdiction

emanating from a different defendant.  SBR Marketing cites *Scott v. Pasadena Unified School Dist.,* 306 F.3d 646 (9th Cir. 2002) and *Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802 (9th Cir. 2001)  ("*Herman Family*") for the proposition that if a court dismisses "all federal claims" for want of subject matter jurisdiction, the court cannot exercise supplemental jurisdiction over pendent state-law claims.[2]  *Scott* and *Herman Family* are eminently factually distinguishable from the instant case, however.  In *Scott*, the Ninth Circuit found an absence of subject-matter jurisdiction based not on any characteristics of or allegations with respect to the defendants, as in the instant case, but based on the ***plaintiffs'*** lack of standing; as such, the Ninth Circuit held that "with the dismissal of Scott's federal constitutional claim for lack of standing, we have no authority to retain jurisdiction over Scott's state law claims."  306 F.3d at 664 (emphasis supplied).  In this case, this Court has not ever disputed Plaintiffs' standing to bring the claims in question, but found an absence of subject-matter jurisdiction with respect to SBR Marketing based on perceived extraterritoriality of **SBR Marketing's** conduct, making *Scott* inapposite.  Similarly, in *Herman Family,* a case in which all claims arose from a dispute over the sale of a yacht, the district court found an absence of subject-matter jurisdiction based on the inapplicability of admiralty law to the parties' dispute, but for unclear reasons proceeded to issue findings of fact and conclusions of  law regarding the parties' state-law *and* admiralty claims notwithstanding the declared absence of subject-matter jurisdiction.  254 F.3d at 804.  The Ninth Circuit found this peculiar exercise of jurisdiction in the absence of jurisdiction improper.  *Id.* at 807.  In this case, this Court has not attempted inappropriately to exercise jurisdiction over any claims, making the fact-specific ruling in *Herman Family* inapposite.  Further, this case does not represent an instance like that in *Herman Family* in which this Court's declared lack of subject-

---

[2] SBR Marketing states that "This Court determined that it did not have subject matter jurisdiction over Stevo's federal question claims against Defendant."  SBR Marketing does not define "Defendant," calling into question whether SBR Marketing meant to argue that "This Court determined that it did not have subject matter jurisdiction over Stevo's federal question claims against SBR Marketing," "This Court determined that it did not have subject matter jurisdiction over Stevo's federal question claims against Mr. Daniele," or even perhaps "This Court determined that it did not have subject matter jurisdiction over Stevo's federal question claims against either SBR Marketing or Mr. Daniele."  As neither the second nor the third construction of this sentence is supported by this Court's Order, Stevo must assume for purposes of this argument that SBR Marketing intended the first construction of this sentence.

matter jurisdiction arises from a lack of jurisdiction over the *literal* subject matter of the parties' dispute, as might be true if this case concerned, *e.g.,* enforcement of a child custody order, but, rather, from a determination that Defendant SBR Marketing's complained-of activity (which would otherwise appropriately be the subject of this Court's original jurisdiction, as that activity involves violations of the United States copyright and trademark laws[3]) did not actually occur within the United States. Finally, and perhaps most dispositively under the circumstances, in *Herman Family* there was no attempt by the plaintiff to assert the existence of supplemental jurisdiction through a different defendant; instead, the *Herman Family* plaintiff's assertion that supplemental jurisdiction was appropriate was based on an argument that the district court actually dismissed the plaintiff's admiralty claims for failure to state a claim upon which relief could be granted. In this case, Plaintiffs are asking this Court to find that, *if* this Court continues to believe that original jurisdiction over Plaintiffs' federal claims against SBR Marketing is inappropriate due to putative "extraterritoriality," this Court is nonetheless empowered to exercise supplemental jurisdiction over Plaintiffs' state-law-based claims against SBR Marketing based on this Court's original jurisdiction over Plaintiffs' federal claims against Mr. Daniele. This factual circumstance is markedly different from that presented in either *Scott* or *Herman Family*, and SBR Marketing has not presented any case law on point to suggest that such an exercise of supplemental jurisdiction arising through Mr. Daniele would be in any way inappropriate.

---

[3] The issue of whether the Court's determination (contested by Plaintiffs) that SBR Marketing's conduct was entirely "extraterritorial" defeats this Court's subject-matter jurisdiction altogether, or speaks merely to the issue of whether Plaintiffs have stated a claim against SBR Marketing upon which relief can be granted, is precisely the issue addressed by the Supreme Court of the United States in *Arbaugh* and by the Federal Circuit in *Litecubes.* As more fully discussed in Plaintiffs' Motion, Plaintiffs urge this Court to recognize that "extraterritoriality" is more appropriately a consideration under Fed.R.Civ.P. 12(b)(6) than under Fed.R.Civ.P. 12(b)(1).

### 4. Stevo's State-Law-Based Claims Against SBR Marketing Do Not Predominate Over The Daniele Federal Causes Of Action.

Stevo's state-law-based claims against SBR Marketing do not "predominate over" the Daniele Federal Causes of Action, because Stevo's state-law-based claims against SBR Marketing arise from the same "common nucleus of operative facts" as the Daniele Federal Causes of Action as related to SBR Marketing: SBR Marketing's solicitation and incentivization of contributors to SBR Marketing's website to commit infringement of Stevo's copyrights and other intellectual property. The Ninth Circuit and its district courts have held that the question of when state-law-based claims predominate over federal claims is to be resolved "by determining whether or not the claims asserted share a common nucleus of operative facts." *Mincy v. Staff Leasing, L.P.,* 100 F.Supp.2d 1050, 1053 (D. Ariz. 2000), *citing Carpenters Health and Welfare Trust Fund for California v. Tri-Capital,* 25 F.3d 849 (9th Cir. 1994). In this case, the Daniele Federal Causes of Action having to do with SBR Marketing and Plaintiffs' state-law-based claims against SBR Marketing share such a "common nucleus of operative facts," as described in more detail in Plaintiffs' Motion: SBR Marketing's solicitation and incentivization of Mr. Daniele and other SBR Marketing contributors to engage in rampant misappropriation of Stevo's intellectual property in the form of copyright infringement, misappropriation of licensable commercial property, and Florida civil theft. At the heart of all of these claims is SBR Marketing's incentivization scheme. Given this "common nucleus of operative facts," it is thus clear that, under Ninth Circuit jurisprudence, there is no basis for SBR Marketing's assertion that Stevo's state-law-based claims against SBR Marketing "predominate" over the Daniele Federal Causes of Action.

### 5. Judicial Economy Warrants This Court's Exercise Of Supplemental Jurisdiction.

Given that this is the only Court that can exercise jurisdiction over the Daniele Federal Causes of Action, and given the clear "common nucleus of operative fact" discussed *supra* between the Daniele Federal Causes of Action and Plaintiffs' state-law-based claims against

SBR Marketing, judicial economy instead would appear to warrant this Court's exercise of jurisdiction over all such related claims, rather than fragmenting Plaintiffs' various causes of action into multiple lawsuits in multiple courts and jurisdictions. *See Mincy,* 100 F.Supp.2d at 1054. Further, this Court has already invested a considerable amount of time in adjudicating SBR Marketing's Motion to Dismiss and becoming acquainted with the complex facts of this case, meaning that judicial economy warrants this Court's continued involvement in this matter. *See Drake v. Laboratory Corp. of America Holdings,* 323 F.Supp.2d 449 (E.D.N.Y. 2004), in which the U.S. District Court for the Eastern District of New York found that its familiarity with the plaintiff's complex litigation history meant that "judicial economy, convenience and fairness—notwithstanding basic concerns for comity—would be served by keeping the case with the Court" even though some of the plaintiff's state-law claims might have been appropriately subject to remand to state court. 323 F.Supp.2d at 455. In this case, judicial economy, convenience, and fairness, and, as discussed *infra,* comity, would all best be served by keeping Plaintiffs' claims against both Defendants in this Court.

### 6. Plaintiffs' State-Law-Based Claims Against SBR Marketing Do Not Raise "Novel Or Complex" Issues Of State Law.

Plaintiffs' state-law-based claims against SBR Marketing do not raise any identifiable "novel or complex" issues of state law that would warrant this Court's declining of jurisdiction over same. The only basis SBR Marketing identifies as a rationale for a determination that such "novel or complex" issues of state law exist is the fact that Plaintiffs have asserted Florida state-law claims against SBR Marketing in a federal court sitting in Nevada. Plaintiffs respectfully submit that all state and federal courts routinely adjudicate causes of action arising under other jurisdictions' laws; what Plaintiffs have asked this Court to do in this case is in no way novel or unprecedented. If it were the case that no federal court could appropriately hear a case arising under the laws of a different state other than the one in which the federal court sits, one must question why and how a federal body of *forum non conveniens* jurisprudence exists. Importantly, SBR Marketing has identified no way in which either the Nevada or Florida laws

implicated by Plaintiffs' state-law causes of action are, *e.g.,* subject to interpretive dispute, or are in conflict with one another, or otherwise warrant consideration only by those states' respective state courts. This case is thus unlike, *e.g., Robinson v. Baca,* case no. 3:08-cv-00389-HDM-VPC, 2010 U.S. Dist. LEXIS 96721, *14 (D. Nev. Aug. 25, 2010), in which this Court declined to exercise jurisdiction over state-law claims that purported to assert a private cause of action based on criminal statutes because this Court believed that complex task fell more appropriately to the Supreme Court of Nevada. Given that SBR Marketing is neither a Nevada nor a Florida entity, it is in no way clear why SBR Marketing has any interest in having this case heard by either Nevada state courts or Florida state courts. A finding by this Court that no such "novel or complex" issues of state law" preclude this Court's exercise of supplemental jurisdiction over Plaintiffs' state-law-based claims against SBR Marketing would thus be the most appropriate disposition by this Court of this issue.

  **C.**   **This Court's Dismissal Of Claims Against SBR Marketing Based On Extraterritoriality Remains Clear Error.**

    **1.**   **Plaintiffs' Opposition Laid An Appropriate Foundation On Extraterritoriality.**

Plaintiffs' nearly-five-page discussion of the non-extraterritoriality of SBR Marketing's conduct, and this Court's subject matter jurisdiction over Plaintiffs' claims related to that conduct, clearly laid a foundation in Plaintiffs' Opposition for this Court to consider Plaintiffs' Motion with respect to extraterritoriality issues. Doc. No. 31 at 9-13. The basis for SBR Marketing's contention that Plaintiffs failed to raise this issue in Plaintiffs' Opposition, Doc. No. 50 at 3:15-21, is utterly unclear. Plaintiffs' Opposition addressed the United States nexus of SBR Marketing's activities, the appropriateness of a finding of non-extraterritorial conduct on SBR Marketing's part, and the inapposite nature of the case law cited by SBR Marketing for the proposition that SBR Marketing's conduct was entirely extraterritorial and that no United States subject matter jurisdiction existed. To the extent the arguments set forth in Plaintiffs' Motion go beyond the arguments set forth in Plaintiffs' Opposition, those new arguments respond directly to this Court's Order and Plaintiffs' contentions of clear error by this Court with respect to same.

SBR Marketing appears simply to have ignored Plaintiffs' series of extraterritoriality-related arguments that constitute nearly one-fifth of Plaintiffs' Opposition brief.

Similarly, Plaintiffs' non-presentation of *Litecubes* and other cases in Plaintiffs' Opposition does not preclude this Court from considering those cases at this time. SBR Marketing appears to confuse Fed.R.Civ.P. 59's and supporting case law's prohibition on introduction of new *evidence* that was available at the time of the Court's original decision with some sort of prohibition on citation to *case law* that was not previously cited in the parties' briefs. Tellingly, SBR Marketing provides no authority for this remarkable proposition, which would effectively preclude any party challenging a District Court's ruling on grounds of clear error from arguing any *case* that demonstrated such clear error if that party had failed to exercise the preternatural prescience of citing to that case in the party's original briefing. Plaintiffs cannot divine, when preparing and filing Plaintiffs' Opposition, what issues this Court might focus on in this Court's ruling that might benefit from further elaboration of relevant case law, and the fact that Plaintiffs point out additional authority responsive to the issue the Court covers should not be viewed by this Court as impermissible. Plaintiffs understand that relitigation of already-decided issues is impermissible, but Plaintiffs' goal with respect to the instant Motion is not to relitigate issues but to allow this Court to avoid clear error.

Further, case law is not "evidence" subject to a bar on post-judgment presentation. *See, e.g., Ziemba v. Lynch,* case no. 3:10-cv-717(SRU)(WIG), 2011 U.S. Dist. LEXIS 71591, *2 (D. Conn. June 29, 2011) (defendants' motion to dismiss exhibited case law, to which plaintiff objected as presentation of "evidence" outside complaint; court denied motion, holding that "**Case law is not evidence** and may be considered by the court when reviewing any of the grounds for relief" [emphasis supplied]); *Neier v. North Carolina,* 565 S.E.2d 229, 232 (N.C. App. 2002) ("Legal argument, including the citation of case law, is not evidence."). This Court recognized in *Radica Games* that "[t]here is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend [under Fed.R.Civ.P. 59(e)]." *Radica Games* at *6, citing Am. Home Assurance Co. v. Glenn Estess & Assoc.,* 763 F.2d 1237, 1239 (11th Cir.

1985). In this case, all of the arguments raised in Plaintiffs' Motion were before this Court based on Plaintiffs' Opposition, even if Plaintiffs may not have cited the same particular cases in support of particular discrete propositions. While Plaintiffs may have cited to different cases in Plaintiffs' Motion than in Plaintiffs' Opposition, Plaintiffs did so because of the need to respond to specific points of error raised in this Court's Order. Plaintiffs' citation to, *e.g., Arbaugh* and other cases not cited in Plaintiffs' Opposition is thus legitimate in light of the manner in which Plaintiffs allege this Court to have erred as a matter of law and the need for Plaintiffs to demonstrate the viability of Plaintiffs' position on this Motion to Alter or Amend Judgment. Illustrative case law that further demonstrates the solidity of error is not problematic.

**2.      SBR Marketing Does Not Address The Impact Of *Arbaugh* On This Court's Subject-Matter Jurisdiction Analysis.**

Perhaps as a function of SBR Marketing's misguided notion that only case law cited in prior filings can appropriately be argued in a motion to alter or amend a judgment, SBR Marketing utterly ignores the Supreme Court of the United States' decision in *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 511 (2006) in SBR Marketing's Opposition and does not address the serious impact of *Arbaugh* on this Court's analysis of subject-matter jurisdiction. In *Arbaugh,* the Supreme Court of the United States made clear that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." 546 U.S. at 516. As the United States Court of Appeals for the Federal Circuit made clear in *Litecubes, LLC v. Northern Light Products, Inc.,* 523 F.3d 1353 (Fed. Cir. 2008), the United States' copyright and patent laws do not contain *statutory* limitations on the coverage of those bodies of law. Thus, dismissal of Stevo's copyright claims against SBR Marketing (or against Mr. Daniele) on the basis of a want of subject matter jurisdiction predicated on the purported "extraterritoriality" of SBR Marketing's actions (which, as Plaintiffs alleged in abundant detail in Plaintiffs' First Amended Complaint, as reiterated in Plaintiffs' Motion, were

1  hardly "extraterritorial" in the entirety[4]) constituted clear error by this Court that SBR Marketing
2  has entirely failed to address (apart from arguing that *Litecubes* is not binding precedent in this
3  jurisdiction).  SBR Marketing's refusal to engage in analysis of this issue should be viewed by
4  this Court as a failure by SBR Marketing to oppose Plaintiffs' arguments in this regard.

### 3. SBR Marketing's Out-And-Out Refusal To Engage In *Timberline I* Analysis Lacks A Basis In *Ocean Garden* Or In This Court's Order.

SBR Marketing's refusal to engage in the extraterritoriality analysis demanded by *Ocean Garden* and *Timberline I* with respect to Stevo's Lanham Act claims similarly lacks any cognizable basis under *Ocean Garden* or in this Court's Order.  SBR Marketing appears to take the position that because the facts of this case differ from the facts in *Ocean Garden,* in that the defendant in *Ocean Garden* was a United States entity, no extraterritoriality analysis under *Timberline I* was appropriate or necessary by this Court in this case, where the defendant is a Costa Rican and/or Curaçaoan entity.  However, the *Ocean Garden* court did not base its decision entirely on the fact that the defendant was a United States entity, finding that **the totality of Timberline I analysis** warranted a determination that  United States jurisdiction attached to the defendant's extraterritorial acts.  953 F.2d at 503-504.  Among the factors involved in *Timberline I* analysis is "nationality of the parties," 953 F.2d at 504, calling into serious question Plaintiffs' logic that, unless the defendant is a United States citizen or entity, *Timberline I* analysis is inappropriate.  Further, this Court cited *Ocean Garden* for the proposition that "there must be a **substantial connection** between the parties involved in the alleged infringement and the United States for the Lanham Act to cover the alleged infringement" (emphasis supplied), not for the proposition that a defendant must be *a citizen of* or *incorporated in* the United States.

---

[4] SBR Marketing's discussion of *Righthaven, LLC v. Majorwager.com, Inc.,* case no. 2:10-cv-00484-GMN-LRL, 2010 U.S. Dist. LEXIS 115007 (D. Nev. October 28, 2010) ("*Majorwager*"), is factually and legally inaccurate.  Contrary to SBR Marketing's argument, the First Amended Complaint sets forth abundant allegations establishing that posters of copyrighted material to SBR Marketing's website do so as employees and/or agents of SBR Marketing.  It is not clear on what basis SBR Marketing asserts that *Majorwager* is "not controlling" in this regard, but, irrespective of whether or not *Majorwager* is "controlling" authority, *Majorwager* speaks to the same issues of extraterritoriality raised in *Arbaugh* and *Litecubes* with which SBR Marketing ultimately fails to reckon.

However, this Court did not carry out *Timberline I* analysis in this Court's Order, which, as Plaintiffs demonstrated in Plaintiffs' Motion, constitutes another basis of clear error by this Court warranting alteration or amendment of this Court's Order, since, under *Timberline I* analysis, SBR Marketing's illicit activity does support an extraterritorial application of the Lanham Act. SBR Marketing's cavalier refusal to engage in *Timberline I* analysis or discussion at this time should be viewed by this Court as a failure by SBR Marketing to oppose Plaintiffs' arguments in this regard.

### III. CONCLUSION

For the reasons set forth herein, Stevo respectfully requests that this Court grant Plaintiffs' Motion to Alter or Amend Judgment.

Respectfully submitted this 30th day of April, 2012.

DICKINSON WRIGHT PLLC

By   /s/ J.D. Lowry.
STEVEN A. GIBSON
Nevada Bar No. 6656
JODI DONETTA LOWRY
Nevada Bar No. 7798
City Center West
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5-1 of this Court, I certify that I am an employee of Dickinson Wright PLLC and that on this 30th day of April, 2012, I electronically filed the foregoing **REPLY TO SBR MARKETING, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT UNDER FED.R.CIV.P. 59(e)** with the Clerk of the Court by using the CM/ECF system:

Gary Jay Kaufman, Esq.
The Kaufman Law Group
1901 Avenue of the Stars, Suite 1010
Los Angeles, California  90067

Chad Bowers, Esq.
Chad A. Bowers, Ltd.
3202 West Charleston Boulevard
Las Vegas, Nevada 89102

*Attorneys for Defendants*

          By: /s/ J.D. Lowry. _____
               An employee of Dickinson Wright PLLC