UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVO DESIGN, INC., a Florida corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 3:14-MC-17-CAN ) ) |
| SBR MARKETING LTD., a foreign corporation, | ) ) ) ) |
| Defendant. | ) |

**ORDER**

On June 6, 2014, nonparty, Elihu D. Feustel ("Feustel"), individually and acting in his capacity on behalf of Defendant, SBR Marketing Ltd. ("SBR"), filed his "Motion to Quash Subpoena Served Uopn [sic] Defendant's Counsel, Elihu D. Feustel." [Doc. No. 1]. On June 26, 2014, Plaintiff, Stevo Design, Inc.("Stevo"), filed a response in opposition. [Doc. No. 4]. No reply brief was filed.

**I.    RELEVANT BACKGROUND**

The underlying case to this motion is a copyright infringement lawsuit that Stevo filed in the United States District Court for the District of Nevada. With the action pending in Nevada, Plaintiff issued a subpoena from that court to Feustel, who resides in the Northern District of Indiana, seeking production of documents and appearance at a deposition. Feustel then filed the instant motion in this district requesting that the subpoena either be quashed, or alternatively, that this matter be transferred to the District of Nevada pursuant to Fed. R. Civ. P.45(f). Feustel contends that the information sought by Stevo is protected by attorney-client privilege as well as the attorney work product doctrine, and that the information sought is irrelevant. Stevo

disagrees. Stevo contends that it only seeks non-privileged information related to Feustel's non-legal involvement with SBR in a business and consumer capacity. Moreover, Stevo challenges Feustel's contention that he is SBR's counsel and cannot be subpoenaed because Feustel admits that he is only representing SBR as to the instant motion not the underlying action in Nevada.

## II. ANALYSIS

### A. Standard of Review

"Federal Rule of Civil Procedure 45(a) permits the issuance of subpoenas to produce documents and other tangible things in the custody or control of a person." *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012) (citations omitted). A subpoena "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). The place of compliance for a subpoena that commands a person to attend a deposition must be within "100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Generally, a party "has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982).

### B. Discussion

In this case, Stevo's subpoena was issued by the District of Nevada, the court where the pertinent action is pending, in compliance with Fed. R. Civ. P. 45(a)(2). *See* Doc. Nos. 4-3 and 4-4. Because Feustel, as a nonparty to the underlying Nevada action, resides in the Northern District of Indiana, and because the subpoena commands Feustel to attend a deposition and produce documents in this district, Feustel properly filed this motion to quash in this Court. *See* Fed. R. Civ. P. 45(c)(1)(A); 45(d)(3)(A). Feustel filed this motion on behalf of himself

individually, as well as on behalf of SBR.  Stevo does not challenge SBR's standing to quash the Feustel subpoena.  Therefore, the Court presumes that the Feustel subpoena infringes on SBR's legitimate interests sufficiently to give SBR standing to challenge it.

However, the Court need not reach the merits of Feustel's motion to quash.  Pursuant to Fed. R. Civ. P. 45(f), Feustel has alternatively requested that this matter be transferred to the District of Nevada, the court that issued Feustel's subpoena. Stevo did not address or oppose this request in his response to Feustel's Motion to Quash.  Therefore, without objection from Stevo, the Court finds that Feustel has consented to a Rule 45(f) transfer for the reasons discussed below.

On December 1, 2013, a new version of Fed. R. Civ. P. 45 became effective.  The new rule allows transfer of Rule 45-related motions stating: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).  Previously, the rules did not contain language granting explicit authority to transfer such motions.  By requiring that subpoena-related motions be filed in the court where compliance is required, Rule 45 provides for local resolution of disputes about subpoenas in order to protect nonparties. Fed. R. Civ. P. 45 advisory committee's note (2013).  However, the Advisory Committee noted that transfer to the court where the action is pending can be warranted sometimes, especially when a person subject to the subpoena consents to the transfer. *Id.*

In this case, this Court, as the court where compliance is required, did not issue the Feustel subpoena, but may transfer Feustel's motion to quash to the District of Nevada, which

3

issued the Feustel subpoena, because Feustel not only consented, but requested, the transfer. When the nonparty subject to the subpoena is the person whose interests are to be protected, request to transfer by the nonparty indicates that it may not be a burden for the nonparty to have the motion heard in the issuing court. Also, because a major dispute in this case involves whether or not the information Stevo seeks from Feustel is privileged, it is appropriate for the privilege determination to be made by the court where the underlying action is pending. *See* Fed. R. Civ. P. 45 advisory committee's note (2013).

The Court recognizes that Rule 45(f) is still fairly new, and that the Seventh Circuit previously took the position that transferring motions of this kind is disfavored. *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996) (stating that "[i]t is not clear to us that any provision in the Judicial Code or the Rules of Civil Procedure allows a district judge to transfer a particular motion for decision elsewhere"); *see also WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 893 (S.D. Ind. 2006) (stating that district courts in the Seventh Circuit "disfavor transferring Rule 45 motions to quash except in the instance of multidistrict litigation"). The Northern District of Illinois even acknowledged that other courts have recognized an authority to transfer discovery motions to the court of the underlying litigation before applying Seventh Circuit precedent and refusing to transfer a motion. *Kearney v. Jandernoa*, 172 F.R.D. 381, 382-83 (N.D. Ill. 1997). For instance, the Tenth Circuit had stated that the "absence of any language in Rule 45(d) prohibiting transfer of a motion to quash, coupled with this permissive language regarding transfer of motions for protective orders which refers to Rule 45 deponents as well as to parties, is enough to validate the action" of transferring a motion. *Peterson v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991)

(citations omitted). The District of Maryland also transferred a subpoena-related motion when sought by the subpoenaed nonparty, and when the issuing court was better positioned to evaluate claims of confidentiality, undue burden, and relevancy involved in the discovery dispute given the complexity and scope of the underlying litigation. *United States v. Star Sci.*, 205 F. Supp. 2d 482, 488 (D. Md. 2002).

The 2013 amendment to Fed. R. Civ. P. 45 resolves this difference of opinion among the Courts of Appeals by authorizing transfer of subpoena-related motions under the new Rule 45(f). In this case, transfer under Fed. R. Civ. P. 45(f) is appropriate because Feustel has consented to transfer the matter to the issuing court.

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Feustel's request to transfer his motion to quash to the District of Nevada. [Doc. No. 1].

**SO ORDERED.**

Dated this 5th day of August, 2014.

 S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge